

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JRS
F. #2018R01041

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 11, 2023

<u>By ECF</u>

The Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>United States v. Daedone and Cherwitz</u>
                <u>Criminal Docket No. 23-146 (DG)</u>

Dear Judge Gujarati:

      The government respectfully submits this letter on behalf of all parties to propose <u>Curcio</u> colloquies in advance of the October 25, 2023 <u>Curcio</u> hearing, pursuant to the Court's October 3, 2023 order.

      As to the defendant Nicole Daedone, the parties jointly propose the below colloquy.

      I am advised that your attorneys, in addition to representing you, represent the Institute of OM, an organization that has at least some connection with the facts of your case and may even be a subject of the government's investigation. The government also has argued that the Institute of OM's brand and business prospects could potentially be implicated based on certain defense strategies you may or may not pursue.

      I am also advised that Steptoe & Johnson partner, Jonathan Baum, when employed at his previous law firm, between 2018 and 2021, represented OneTaste, an organization that has connection with the facts of your case and may be the subject of the government's investigation.

      Before we proceed, I must ask you some questions about this arrangement. Are you satisfied with the services of your attorneys thus far in the case?

Has anyone induced, threatened or made promises to you concerning your choice of counsel in this case?

Dual Representation

Because your attorneys also represent the Institute of OM, they owe a duty of loyalty to the Institute of OM, as well as a duty of loyalty to you. Dual representations, like your lawyers' dual representation of both you and the Institute of OM, can create a risk of a potential conflict of interest for your attorneys.

I am going to describe to you some potential risks raised by your attorney's dual representations. By describing these potential risks, in no way am I suggesting that your lawyers are conflicted or that their defense of you has or will be impacted in the ways I am about to describe. Instead, I am pointing out to you a series of entirely hypothetical ways dual representations can potentially raise conflicts of interest for counsel.

Those risks include that your lawyers' advice to you potentially could be colored by how that advice might affect the Institute of OM, including their advice to you regarding potential plea and cooperation agreements with the government and their advice to you regarding the pursuit of certain defensive strategies at trial or at other stages of these proceedings. Do you understand that?

For example, Steptoe and Johnson's joint representation might preclude them from advising either you or the Institute of OM to consider strategies that might negatively impact the other, including advising you or the Institute of OM to cooperate against the other or advising that either you or the Institute of OM accept a reduced sentence in exchange for assisting the government in the prosecution of the other. Do you understand that?

In particular, if the Institute of OM or people affiliated with the Institute of OM are potentially involved in the alleged crime, your lawyers may have an interest in advising you to accept sole responsibility for the unlawful scheme or to minimize the Institute of OM's and affiliated persons' involvement with or knowledge of the scheme. Do you understand that?

Similarly, if a trial in this case could cast a negative light on the Institute of OM or affiliated persons, or, alternatively, if a guilty plea in this case could cast a negative light on the Institute of OM or affiliated persons, or if certain arguments in this case could help or hurt the Institute of OM or affiliated persons, your lawyers may have an interest in advising you to make your decision about what to do

and what arguments to make to best serve the Institute of OM's or affiliated persons' interests, rather than your own. Do you understand that?

Additionally, dual representations can create conflicting duties of confidentiality. For example, if you and the Institute of OM have not explicitly permitted Steptoe & Johnson to share information, your lawyers may be prohibited from using information advantageous to your defense that they learned about from confidential communications with the Institute of OM. Do you understand that?

In addition, it is possible that your attorneys may learn information from their representation of the Institute of OM that could undermine your defense and could prevent them from making favorable arguments on your behalf that they might otherwise have been able to make. Do you understand that?

And conflicts can arise if the Institute of OM has information or testimony relevant to your defense. For example, if you need to subpoena documents or witnesses from the Institute of OM, your attorney's duty of loyalty to the entity may create a barrier in obtaining those materials. Or if a witness from the Institute of OM testifies at your trial, your attorney's cross examination of that witness may be impacted by the dual representation. Do you understand that?

<u>Prior Representation</u>

Because Jonathan Baum, a partner at Steptoe & Johnson previously represented OneTaste, he owes and continues to owe a duty of loyalty to OneTaste, as well as a duty of loyalty to you, Steptoe & Johnson's current client. In similar ways as we just discussed above, Mr. Baum's prior representation of One Taste could potentially create a risk of a potential conflict of interest for Steptoe & Johnson. Do you understand that?

Again, those risks include that your lawyers' advice to you potentially could be colored by how that advice might affect OneTaste. For example, Steptoe and Johnson might be precluded from advising you to consider strategies that might negatively impact OneTaste, including advising you to cooperate against the entity or advising that you accept a reduced sentence in exchange for assisting the government in the prosecution of OneTaste. Do you understand that?

Mr. Baum and Steptoe may also have conflicting duties of confidentiality. Again, if you and the OneTaste have not explicitly permitted Mr. Baum to share information, Steptoe & Johnson may be prohibited from using information advantageous to your defense that Mr. Baum previously learned about from his confidential communications with OneTaste. Or Steptoe & Johnson may be aware of information from Mr. Baum's representation of OneTaste that could prevent them from making potentially favorable arguments on your behalf. Do you understand that?

And conflicts can arise if OneTaste has information or testimony relevant to your defense. For example, if a witness from OneTaste testifies at your trial, your attorney's cross examination of that witness may be impacted by Mr. Baum's continued loyalty to the company. Do you understand that?

There may be other issues, in addition to the ones that I've just described, that can arise in which your attorneys' ability to represent you might be affected by the fact that they represent the Institute of OM and by the fact that Mr. Baum previously represented OneTaste. No one can foresee every possible conflict of interest. Do you understand that?

Do you have any questions about what I have explained to you so far? Can you tell me in your own words what you understand the potential conflicts of interest to be?

You have the right to be represented by an attorney who does not have any possible conflicts of interest in representing you at all stages of this case, including any plea negotiations. If you proceed with your attorney, you will be giving up that right. Do you understand that?

Have you discussed these issues with your attorneys?

Without discussing the substance of any written communications between you and your attorneys, can you please confirm whether you have signed any documents memorializing your understanding of the potential conflicts of interest and your desire nonetheless to proceed with Steptoe and Johnson as your counsel?

You also have the right to consult with an independent attorney who can advise you about the possible conflicts of interest that might arise if you proceed with your attorney. Do you understand that? Have you consulted with an independent attorney?

You also have the right to be represented by counsel, and if necessary to have the Court appoint counsel at no cost to you, during plea negotiations, at trial and at every other stage of the proceeding. Do you understand that?

If you proceed to trial with your current counsel and you are convicted at trial, do you understand that you will not make and cannot make any argument on appeal or otherwise attack the conviction based the potential conflict we have discussed here today?

You are not under any pressure to make a decision about this right now. You are entitled, if you wish, to a reasonable period of time to think about these matters, or to consult further with your lawyer or with another lawyer before you advise the Court what you wish to do. Is there anything that the Court has said that you wish to have explained further?

As to the defendant Rachel Cherwitz, the parties jointly propose the below colloquy.

I am advised that your attorneys are being paid by Anjuli Ayer, an owner of OneTaste, an individual who has at least some connection with the facts of your case and may even be a subject of the government's investigation.

Before we proceed, I must ask you some questions about this arrangement. Are you satisfied with the services of your attorneys thus far in the case?

Has anyone induced, threatened or made promises to you concerning your choice of counsel in this case?

Is it correct that Ms. Ayer is paying your attorneys? How long has that been the case? Is anyone else paying your attorneys to represent you?

Do you have an understanding whether, in the future, Ms. Ayer will continue to pay, indemnify, or reimburse your legal fees in this case? What is your understanding?

To your understanding, are there any explicit or implicit conditions on Ms. Ayer's agreement to pay your legal fees regarding actions you and your attorneys must or may not take or arguments you or your attorneys must or may not make?

I am going to describe to you some potential risks raised by this payment arrangement. By describing these potential risks, in no

5

way am I suggesting that your lawyers are conflicted or that their defense of you has or will be impacted in the ways I am about to describe. Instead, I am pointing out to you a series of entirely hypothetical ways this arrangement can potentially raise conflicts of interest for counsel.

When an attorney is paid by a third party like Ms. Ayer, an attorney could be influenced by the third party, even subconsciously, in connection with their representation of you, that is, they could be influenced to advise you to do things that are in the third party's best interests and not in your best interests.

For instance, if Ms. Ayer or OneTaste or other members of OneTaste leadership are involved in the alleged crime, Ms. Ayer may have a vested interest in having your lawyers advise you to accept sole responsibility for the unlawful scheme or to minimize her and OneTaste's involvement with or knowledge of the scheme. Do you understand that?

Similarly, if a trial in this case could cast a negative light on Ms. Ayer or OneTaste, or, alternatively, if a guilty plea in this case could cast a negative light on Ms. Ayer or OneTaste, or if certain arguments in this case could help or hurt Ms. Ayer or OneTaste, Ms. Ayer may have a vested interest in having your lawyers advise you to make your decision about what to do and what arguments to make to best serve Ms. Ayer's or OneTaste's interests, rather than your own. Do you understand that?

Ms. Ayer or OneTaste may have a vested interest in having your lawyers advise you not to seek to cooperate with the government, even if that might be in your interest, where your cooperation might directly or indirectly affect Ms. Ayer or OneTaste. Do you understand that? Ms. Ayer or OneTaste may have a vested interest in having your lawyers advise you not to seek to cooperate with the government, even if that might be in your interest, where your cooperation might directly or indirectly implicate Ms. Ayer or OneTaste. Do you understand that?

There may be other issues, in addition to the ones that I've just described, that can arise in which your attorneys' ability to represent you might be affected by the fact that they have been paid by Ms. Ayer and OneTaste. No one can foresee every possible conflict of interest. Do you understand that?

Do you have any questions about what I have explained to you so far? Can you tell me in your own words what you understand the potential conflicts of interest to be?

You have the right to be represented by an attorney who does not have any possible conflicts of interest in representing you at all stages of this case, including any plea negotiations. If you proceed with your attorney, you will be giving up that right. Do you understand that?

Have you discussed these issues with your attorneys?

Without discussing the substance of any written communications between you and your attorneys, can you please confirm whether you have signed any documents memorializing your understanding of the potential conflicts of interest and your desire nonetheless to proceed with your current attorneys as your counsel?

You also have the right to consult with an independent attorney who can advise you about the possible conflicts of interest that might arise if you proceed with your attorney. Do you understand that? Have you consulted with an independent attorney?

You also have the right to be represented by counsel, and if necessary to have the Court appoint counsel at no cost to you, during plea negotiations, at trial and at every other stage of the proceeding. Do you understand that?

If you proceed to trial with your current counsel and you are convicted at trial, do you understand that you will not make and cannot make any argument on appeal or otherwise attack the conviction based the potential conflict we have discussed here today?

You are not under any pressure to make a decision about this right now. You are entitled, if you wish, to a reasonable period of time to think about these matters, or to consult further with your lawyer or with another lawyer before you advise the Court what you wish to do. Is there anything that the Court has said that you wish to have explained further?

The parties thank the Court for its consideration

                                            Respectfully submitted,

                                            BREON PEACE
                                            United States Attorney

By:      /s/_____
                                            Lauren Howard Elbert
                                            Gillian A. Kassner
                                            Jonathan Siegel
                                            Devon Lash
                                            Assistant U.S. Attorneys
                                            (718) 254-7000