UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

                                        23-CR-146 (DG)

     - against -

RACHEL CHERWITZ and
NICOLE DAEDONE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS OR FOR A BILL OF PARTICULARS


                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

LAUREN H. ELBERT
JONATHAN SIEGEL
DEVON LASH
Assistant U.S. Attorneys
(Of Counsel)

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………………………………..2

RELEVANT FACTUAL BACKGROUND …………………………………………..……..2

    I.  The Indictment ……………………………………………………………………2

    II. Discovery ………………………………………………………………………….3

ARGUMENT ………………………………………………………………………………..4

    I.  The Indictment Should Not Be Dismissed …………………………………………..4

        A.  Applicable Law …………………………………………………………...4

        B.  Discussion  …………………………………………………………………6

    II. The Defendants' Motion for a Bill of Particulars Should Be Denied  …………………11

        A.  Applicable Law………………………………………………………… .11

        B.  Discussion ………………………………………………………………14

CONCLUSION …………………………………………………………………………21

<u>PRELIMINARY STATEMENT</u>

The government respectfully submits this memorandum in response to the motion of defendants Rachel Cherwitz and Nicole Daedone to dismiss the Indictment, or, in the alternative, for a bill of particulars, ECF Dkt. No. 69 (the "motion" or "Mot.").  For the reasons set forth below, the government respectfully submits the motion should be denied in its entirety.

<u>RELEVANT FACTUAL BACKGROUND</u>

I.    <u>The Indictment</u>

On April 3, 2023, a grand jury sitting in the Eastern District of New York returned the Indictment, ECF Dkt. No. 1, charging defendants Cherwitz and Daedone with conspiring to "obtain the labor and services of a group of OneTaste members by subjecting them to economic, sexual, emotional and psychological abuse; surveillance; indoctrination and intimidation." Indictment ¶ 6.  The Indictment includes an itemized list of tactics employed by the defendants and their co-conspirators to obtain the labor and services, including, for example, "induc[ing] OneTaste members, including OneTaste employees, to incur debt," <u>id.</u> ¶ 7(b); "subject[ing] OneTaste members to constant surveillance in communal homes," <u>id.</u> ¶ 7(c); "collect[ing] sensitive information about the OneTaste members . . . as a means of influencing and controlling [them,]" <u>id.</u> ¶ 7(e); and "isolat[ing] the OneTaste members by encouraging them to limit contact with people outside of the OneTaste community," <u>id.</u> ¶ 7(f).  The Indictment further alleges that the defendants engaged in abusive employment practices, such as (1) refusing to pay OneTaste members wages and commissions, <u>id.</u> ¶ 8 and (2) directing OneTaste members to engage in sexual acts with current and prospective investors, clients, employees and beneficiaries.  <u>Id.</u> ¶¶ 8-9.  The Indictment additionally alleges specific tactics employed by the defendants to perpetuate the scheme by

penalizing dissenters, such as subjecting OneTaste members or perceived critics of OneTaste to harassment, public shame and workplace retaliation.

Cherwitz was arraigned in the Eastern District of New York on June 20, 2023; Daedone on June 13, 2023. Prior to their arraignments, the government filed detention memoranda which supplied additional detail on the charged offenses and the individual defendants. ECF Dkt. Nos. 4 (Cherwitz), 9 (Daedone).

II.   <u>Discovery</u>

To date, the government has made fourteen productions of discovery to the defense pursuant to Rule 16 of the Federal Rules of Criminal Procedure, totaling approximately 2.7 terabytes of data. Each production has been accompanied by a detailed cover letter that functions as an index to the discovery material. These productions have included, among other things:

- Text, email correspondence and Slack messages among members of OneTaste, including the defendants, discussing, among other things, OneTaste courses and activities, experiences at OneTaste and allegations of sexual misconduct or abuse;

- Contemporaneous journal entries from three different individuals regarding experiences at OneTaste;

- Videos, photographs and audio recordings concerning OneTaste created by OneTaste members;

- Published articles, transcripts of speeches and discussions, promotional videos, and advertisements for OneTaste;

- Financial records concerning accounts used by the defendants, OneTaste, and its affiliates from more than a dozen institutions;

- Social media records;

- Information about the OneTaste residences, including resident rosters, documents about communal living spaces, and leases;

- Salesforce documentation, customer lists, records, and training materials used by OneTaste's sales team;

- Employment records, timesheet and wages report for former OneTaste employees and contractors;

- Documents and records containing written agreements with OneTaste employees, contractors, and volunteers regarding responsibilities and compensation;

- Documents concerning OneTaste's organizational hierarchy; and

- Various materials concerning OneTaste provided by 23 individuals, whose identities the government has provided to defense counsel.

In addition, the government has disclosed to the defense, by letter, summaries of portions of witness statements given by over 20 witnesses and identified each of the witnesses.

ARGUMENT

I.      The Indictment Should Not Be Dismissed

For the reasons set forth below, the government respectfully submits that the Indictment sufficiently states the charged offense and there is no lawful basis for its dismissal.

A.      Applicable Law

Motions to dismiss indictments must satisfy a high standard and are disfavored. See United States v. Bustos de la Pava, 268 F.3d 157, 165 (2d Cir. 2001) ("[D]ismissal of an indictment is an extraordinary remedy reserved for extremely limited circumstances implicating fundamental rights.") (citation and internal quotation marks omitted); see also United States v. Kerik, 615 F. Supp. 2d 256, 262 (S.D.N.Y. 2009) ("A defendant seeking to dismiss counts under

Rule 12 must satisfy a high standard") (citation and internal quotation marks omitted); United States v. Brooks, No. 06-CR-550 (JS), 2009 WL 3644122, at *2-*3 (E.D.N.Y. Oct. 27, 2009) (same).

It is well-established that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). The Federal Rules of Criminal Procedure require only that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." F. R. Crim. P. 7(c).

The Second Circuit has held that an indictment that tracks the language of the statute is sufficient to meet these notice requirements. See United States v. Flaharty, 295 F.3d 182, 198 (2d Cir. 2002) ("[A]n indictment need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusations against him . . . state time and place in approximate terms."); United States v. Citron, 783 F.2d 307, 314 (2d Cir. 1986) ("Where . . . an indictment tracks the statutory language and specifies the nature of the criminal activity . . . it is sufficiently specific to withstand a motion to dismiss."); United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992) ("[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."); United States v. Bernstein, 533 F.2d 775, 786 (2d Cir. 1976) (observing that the Second Circuit has "consistently sustained indictments which tracked the language of the statute and, in addition, do little more than state time and place in approximate terms.").

"The Supreme Court has held that . . . a [conspiracy] count need only 'identify the offense which the defendants conspired to commit . . .', and that it need not 'with technical precision, state all the elements essential to the commission of the [substantive] crimes . . .' " United States v. Messina, 481 F.2d 878, 880 (2d Cir. 1973) (quoting Williamson v. United States, 207 U.S. 425, 447 (1908)); United States v. Wydermyer, 51 F.3d 319, 325 (2d Cir. 1995) (same); see also United States v. Mitchell, 372 F. Supp. 1239, 1253 (S.D.N.Y.) ("An indictment charging the essential elements of a conspiracy need not allege with particularity the means by which the substantive crime alleged to be the object of the conspiracy was to be accomplished.") (citations omitted), appeal dismissed, 485 F.2d 1290 (2d Cir. 1973).

On a pre-trial motion to dismiss, the court must accept all factual allegations in the indictment as true and "the sufficiency of the evidence is not appropriately addressed on a pre-trial motion to dismiss an indictment." Alfonso, 143 F.3d at 776-77; see also United States v. Yakou, 428 F.3d 241, 246 (D.C. Cir. 2005) ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context").

B. Discussion

The Indictment put the defendants on sufficient notice of the charge against them, complying with the requirements of the Sixth Amendment, and there is no basis for dismissal.

Under governing Second Circuit precedent, to be sufficient, an indictment charging conspiracy need only identify the offense which the defendants are charged with conspiring to commit. Wydermyer, 51 F.3d at 325. The Indictment here clearly meets that low standard, identifying the object of the conspiracy to be the offense of forced labor, as prohibited by 18 U.S.C. § 1589(a) and (b). Indictment ¶ 12. The defendants' motion thus failed to meet the high bar required to establish their entitlement to dismissal.

6

While the Court need go no further to uphold the Indictment, the government respectfully submits the Indictment provides more detail than is lawfully required and that defendants' complaints are baseless.  In the motion to dismiss, Cherwitz and Rachel complain that the indictment "is silent as to nearly all factual details."  Mot. at 15.  This is not true.  The speaking indictment identifies: the corporate vehicle through which Daedone and Cherwitz perpetrated the charged conspiracy, i.e., OneTaste and its affiliates, Indictment ¶¶ 1, 6, 7; the locations where OneTaste and its affiliates operated, id. ¶ 1, the ways in which OneTaste generated revenue, id. ¶ 2, specific criminal conduct employed by the defendants to obtain the labor of the OneTaste members who were victims of the scheme, id. ¶¶ 6-7, 10; abusive labor practices in which the defendants engaged, id. ¶ 8, and specific forms of labor that OneTaste members were directed to perform, including sexual conduct, id. ¶ 9, and the time frame in which the defendants engaged in the charged conduct, id. ¶ 12.  The Indictment thus provides more than the bare minimum required by law; it provides the defense with a roadmap of how the government intends to prove the charged offense.

The cases cited by the defendants do not support their argument that the Indictment is deficient under the Sixth Amendment.  First, in Urso, the district court was considering an indictment that included both substantive counts of extortion and a conspiracy count.  369 F. Supp. 2d 254, 265-66 (E.D.N.Y. 2005).  Judge Garaufis dismissed two substantive counts of extortion for lack of specificity, but denied the motion to dismiss the extortion conspiracy count, which used "language very similar to that employed" by the two substantive counts.  Id. at 267-68.  Judge Garaufis denied the motion as to the conspiracy count because "it is well established that an indictment for conspiracy to commit a criminal offense may be stated with less specificity than an indictment charging the commission of that substantive offense."  Id. (citing United States v.

LaSpina, 299 F.3d 165, 177 (2d Cir. 2002); United States v. Daily, 921 F.2d 994, 999 (10th Cir. 1990); United States v. Ramos, 666 F.2d 469 (11th Cir. 1982); United States v. Annoreno, 460 F.2d 1303, 1311 (7th Cir. 1972); Brown v. United States, 403 F.2d 489, 490 (5th Cir. 1968)).  As Judge Garaufis observed, "[a]n indictment charging conspiracy 'need only put the defendants on notice that they are being charged with a conspiracy to commit the underlying offense. Thus, to prevail on their claim that the conspiracy count is insufficient, the defendants must show that the indictment is not sufficient to identify the offense which the defendant conspired to commit." Id. (citing Wydermyer, 51 F.3d at 325 (internal quotation marks omitted)).  Here, the Indictment clearly identifies the crime which Cherwitz and Daedone conspired to commit.  As with the conspiracy count in Urso, the conspiracy here is adequately pled.

Even comparing the substantive counts dismissed by Judge Garaufis in Urso to the conspiracy count charged in this case shows that the Indictment here is adequately pled.  As Judge Garaufis noted, the counts of the indictment that were the subject of the motion in Urso "failed to name the alleged victim or victims, the individuals alleged to have worked with [the defendant], the location or locations where extortionate acts are alleged to have occurred . . . , the dates and times of the alleged offenses, the amounts of the loans, or the nature of the threats allegedly employed." Id. at 265.  By contrast, the indictment in this case provides far more particulars, as set forth above, including by identifying the class of individuals alleged to have been victimized by the charged offense, the approximate dates of the alleged offenses and detailing the tactics used by the conspirators to seek to obtain the labor and services of those individuals.

The defense points to another extortion case, Tomasetta, from the First Circuit in 1970, as support for their argument that the indictment here is insufficient.  Tomasetta provides them no such support, as it explains that "what is a fair description of a crime for purposes of

permitting an adequate defense necessarily varies with the nature of the offense and the peculiarities of defending against the kind of charge involved." 429 F.2d at 979. Examination of the case in Tomasetta and that charged here shows why the Tomasetta court's reasoning has no application. The Court in Tomasetta, which charged the defendant with extortionate collection of credit, in violation of 18 U.S.C. § 894, noted that the defendant in this case lacked sufficient information to present an alibi defense. Id. at 979-980. Given the nature of the allegations in this case, which charge a sweeping multi-year conspiracy carried out by the executives of an international corporation, no alibi defense would be possible. The Tomasetta court further pointed to the nature of the crime (extortionate collection of credit) as a "speaking offense," where the "substance of the conversation in issue" would obviously be critical. Id. at 980. The Indictment here does not charge a similar offense.

The defense further cites a decision by Judge Garaufis in United States v. Raniere, 384 F. Supp. 3d 282, 312 (E.D.N.Y. 2019), in which Judge Garaufis stated that the defendant "might have had a good argument" that the indictment insufficiently pled forced labor, but that Raniere had received additional information on top of the indictment, such as a detention memo and Rule 16 discovery, that provided him abundant additional notice. Notably, the indictment in Raniere was not a speaking indictment, and only contained statutory charging language. 18-CR-204 (NGG), ECF Dkt. No. 14. Here, the Indictment includes much more detail; moreover, as in Raniere, the defendants' crimes were discussed in the detention memoranda and they have received abundant Rule 16 discovery. Judge Garaufis's reasoning in his comment in Raniere supports the Indictment in this case.

The defendants also argue that the Indictment violates their Fifth Amendment rights, because "[t]here is no way to ensure . . . that the evidence presented at trial is the evidence

9

that was presented to the grand jury." Mot. at 17.  In support of this argument, the defendants contend that because the Indictment does not specifically identify any victims of the charged offense, it is deficient.  Here again, the defendants overlook that the instant case charges a conspiracy and not a substantive offense.  The defendants could be proven guilty if they never forced any victim to do anything—so long as the evidence proves beyond a reasonable doubt that they agreed to do so.  Consequently, the cases cited by the defense, which relate to charges where the identity of the specific victim was a significant element of the offense, are inapposite.  For example, United States v. Agone, 302 F. Supp. 1258, 1261 (S.D.N.Y. 1969), dealt with a charge for which the "identity and character of the victim are at 'the very core of criminality,'" namely a charge proscribing specifically assaults against union members designed to restrain, coerce or intimidate the member.  The forced labor charge is not similarly only applicable against a certain statutorily-defined class of individuals—i.e. union members—such that the specific identity of the victim is of the same significance.  This is especially true in a conspiracy case, where the proof need not establish that anyone was, in fact, victimized.  Likewise, United States v. Solovey, No. 04-CR-244S, 2005 WL 1279228, at *2-*3 (W.D.N.Y. May 31, 2005), involved a substantive offense, which "require[d] the existence of a victim in order for a crime to have been committed." That is not the case here.

The defendant's quotation of United States v. Gordon, 641 F.2d 1281, 1286 (9th Cir. 1981), relies upon a misleading alteration.  Defendants argue that Gordon stands for the proposition that an Indictment can violate the Fifth Amendment where it does not avoid a circumstance in which "the grand jury was thinking of one [victim] and the petit jury of another." Mot. at 18.  Gordon says nothing of the kind—Gordon does not address identification of victims at all, it is a case involving a Travel Act bribery charge.  The district court denied a motion under

10

Rule 29 raising a variance argument because the government's indictment charged a conspiracy that did not specifically cite a provision of Nevada State Code defining what type of public officer must be the recipient of a bribe in order to make out the elements of the state offense.  The Court wrote of the possibility that "the grand jury was thinking of one public officer, and the petit jury of another," id at 1286, but concluded that there had been no variance because both the grand jury and petit jury "were operating under the same set of facts."  Id. at 1287.  Likewise, the trial jury here will be assessing "the same set of facts," i.e. the conspiracy charged in the Indictment.

In sum, there is no basis to dismiss the Indictment in this case.  The Indictment clearly states the object of the conspiracy, Wydermyer, 51 F.3d at 325, and provides enough detail to reasonably apprise the defendants of the nature of the charges against them.  Russell v. United States, 369 U.S. 749, 766 (1962).  That is all that is constitutionally required.

II.     The Defendants' Motion for a Bill of Particulars Should Be Denied

The defendants move for a bill of particulars pursuant to Fed. R. Crim. P. 7(f) arguing that further disclosure is required in order to prepare for trial, but, notably, do not identify any specific particulars that they are asking the Court to require.  This total lack of specificity reveals that their true intent is to improperly use a bill of particulars as a "discovery device" and a "general investigative tool."  United States v. Perryman, 881 F. Supp. 2d 427, 430-31 (E.D.N.Y. 2012).  This is inappropriate given the specificity of the Indictment and the comprehensive discovery provided to date, and moreover such relief is expressly prohibited by established precedent.  For the reasons stated below, the defendants' motion should be denied in its entirety.

A.      Applicable Law

The Federal Rules of Criminal Procedure require only that an indictment set forth a "plain, concise, and definite written statement of the essential facts constituting the offense."

Fed. R. Crim. P. 7(c).  Neither the Federal Rules of Criminal Procedure nor the Second Circuit requires that the government "particularize" its evidence; rather, a bill of particulars is required only when the charges in the indictment are so general that they fail to apprise the defendant of the specific acts of which he or she is accused.  See United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).  If the information sought by the defendant is provided in the indictment or through some other means, including discovery, a bill of particulars is not warranted.  See United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); Torres, 901 F.2d at 234; United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Urso, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005).  The defendant bears the burden of showing that denial of the requested particulars will result in "prejudicial surprise at trial or will adversely affect his rights."  United States v. Maneti, 781 F. Supp. 169, 186 (W.D.N.Y. 1991).

It is inappropriate to use Rule 7(f) to limit the government's evidence or flesh out its prosecutorial theories in advance of trial.  See Urso, 369 F. Supp. 2d at 272 ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars."); see also United States v. Barret, 824 F. Supp. 2d 419, 439 (E.D.N.Y. 2011) ("[T]he court is mindful that it cannot compel the government to disclose, through a bill of particulars, the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence and legal theories") (quotations and citations omitted); United States v. Ianniello, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985) ("To require most of the further disclosure the defendants seek would do little more than restrict the government's proof at trial, which is not the purpose of a bill of particulars."); United States v. Albunio, No. 91-CR-0403, 1992 WL 281037, at *2 (E.D.N.Y. Sept. 9, 1992) ("The defendant's right to know the crime with which he is charged must be distinguished from his right to know the

evidentiary details by which proof of his culpability will be established."). Ultimately, "[t]he applicable standard for whether a bill of particulars should issue is not whether the information would be helpful to the defense, but whether it is necessary." United States v. Taylor, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014); id. at 178-79 (noting that "[a] bill of particulars may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial," and denying defendant's motion for bill of particulars); United States v. Aliperti, 867 F. Supp. 142, 148 (E.D.N.Y. 1994). Consequently, a motion for a bill of particulars must be denied where it would "unduly restrict the government's ability to present its case." United States v. Baez, 62 F. Supp. 2d 557, 559 (D. Conn. 1999). In short, it is well-settled that "[t]he government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories." United States v. Carpenter, No. 18-CR-362 (ADS), 2018 WL 6933160, at *6 (E.D.N.Y. Dec. 28, 2018).

Following this general principle, the law does not require, for example, that the government provide the precise conduct or roles played by the defendant or his co-conspirators. See, e.g., United States v. Jones, 1986 WL 275, at *2 (S.D.N.Y. 1986) ("the government is under no obligation to disclose the specific role played by a defendant in a conspiracy, or the particular acts each defendant is alleged to have participated in, had knowledge of, or for which he is being held responsible"). Nor is the defendant entitled to discover through a bill of particulars the specific dates, times and locations of a crime, or the identities of witnesses or documents that will establish the charged crime. See United States v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985). Such requests have been deemed little more than "impermissible attempts to force the government to particularize all of its evidence." United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991);

see also United States v. Facciolo, 753 F. Supp. 449, 451 (S.D.N.Y. 1990), aff'd, 968 F.2d 242 (2d Cir. 1992); United States v. Lorenzano, No. 03-1256 (S-6)(JFK), 2005 WL 975980, at *3 (S.D.N.Y. 2005); United States v. Berganza, No. 03-987 (S-4)(DAB), 2005 WL 372045, at *5 (S.D.N.Y. 2005); United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (denying request for bill of particulars where defendant sought details of the "wheres, whens and with whoms" that courts have held to be beyond the scope of a bill of particulars) (citations omitted).

There are three reasons animating these restrictions on the use of bills of particulars. First, the use of bills of particulars "is not comparable to discovery in civil [cases] because of the nature of the issues, the danger of intimidation of witnesses, and the greater danger of perjury and subornation of perjury." Persico, 621 F. Supp. at 868 (internal quotation marks and citations omitted). Second, the government must not be compelled "to give a preview of its evidence and legal theories lest the defendant tailor his testimony to explain away the [g]overnment's case." United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (citations omitted). Finally, the government should not be restricted from "using proof it may develop as the trial approaches." Id. (citation omitted).

B.     Discussion

The defendants have received sufficient notice of the charged offenses to adequately prepare for trial and no bill of particulars is warranted. They received specific notice via a detailed speaking Indictment and detention memoranda as well as voluminous, organized discovery pursuant to Rule 16. Given that nearly a year remains between now and trial, the defense will have abundant opportunity to review that discovery. Moreover, the government anticipates disclosing trial exhibits and witness material pursuant to 18 U.S.C. § 3500 well in advance of trial.

Notably, in their motion, the defendants nowhere identify exactly what particulars they seek.  This lack of specificity reveals the motion for what it is—an improper fishing expedition seeking "a preview of the government's evidence and legal theories."  Carpenter, 2018 WL 6933160, at *6.  The absence of any specifics in their request is just one aspect that starkly distinguishes this case from those cited by the defense, in which defendants requested, or Courts required, narrowly defined particulars to assist the defense in distinguishing transactions or claims the government alleged were criminal from very similar transactions or claims that were legitimate.  See Bortnovsky, 820 F. 2d at 574 (defendants sought bill of particulars identifying which insurance claims the government alleged were fraudulent and which, of a series of robberies, the government alleged were falsely claimed in support of insurance claims); United States v. Hawit. No. 15-CR-252 (PKC), 2017 WL 663542, at *11 (E.D.N.Y. Feb. 17, 2017) (requiring government to supply a list of transactions that the government "will seek to prove were tainted by the [charged] conspiracy"); United States v. Nachamie, 91 F. Supp. 2d 565, 574 (S.D.N.Y. 2000) (requiring government to supply disclosure identifying which of many medicare fraud claims it will allege to be fraudulent at trial).

Anticipating that the defendants will, on reply, identify for the Court the particulars that they seek, the government contacted defense counsel and asked them to identity what particulars they were seeking via the instant motion.  Defense counsel advised that they request disclosure of the information outlined in their July 2023 letter to the government, attached as Exhibit A to their motion.  This letter was sent approximately one month after the unsealing of the Indictment and before the bulk of the discovery in this case was produced.  It is not credible for

the defendants to claim that receiving terabytes of material and substantial disclosures from the government has failed to advance their understanding of the charges beyond the understanding they had in July 2023.

Moreover, in that letter the defendants seek exactly the sort of "whos, whats, whens and wheres," that are not appropriately supplied through a bill of particulars.  United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (denying request for bill of particulars where defendant sought details of the "wheres, whens and with whoms" that courts have held to be beyond the scope of a bill of particulars) (citations omitted).  Specifically, the defendants seek, in summary:

1) A list of all co-conspirators, including "when, where and with whom" they joined the conspiracy;

2) A list of all over acts committed in furtherance of the conspiracy;

3) A list of each act of labor the government alleges was obtained in violation of the substantive offense of forced labor, including who performed it, where it was performed, when it was performed, and how it was coerced or forced;

4) For each abusive and manipulative tactic employed in furtherance of the conspiracy, a list of who was subjected to it, where, when, and by whom, as well as a list of witnesses to the deployment of all such tactics;

5) For each abusive employment practice employed in furtherance of the conspiracy, a list of who was subjected to it, where, when and by whom, as well as a list of witnesses to the deployment of such practices;

6) Identification of the specific means of force used in connection with the charged conspiracy, including who was subjected to it, where, when and by whom, as well as a list of witnesses to the use of force;

7) A list of each individual directed to engage in sexual activity as part of their employment, and information as to when, where and by whom they were so directed; and a list of witnesses to each occasion when such a direction was issued; and

8) A list of each individual who was subjected to public shame, humiliation and workplace retaliation, when, where and by whom, and a list of witnesses to each occasion when such an incident occurred.

This proposed list of particulars suffers from two striking defects applicable to nearly each category.  First, the government has not charged a substantive offense.  Accordingly, it need not prove that any individual was, in fact, at any time and at any location, subjected to force, directed to engage in sexual activity, or the target of abusive and manipulative tactics. Second, the list repeatedly seeks premature disclosure of the government's witnesses.  A bill of particulars is not an appropriate tool for obtaining a list of witnesses, and a year in advance of trial is far too early for disclosure of such a list in any event.  United States v. Mandell, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010) ("A bill of particulars . . . should not function to disclose evidence, witnesses, and legal theories to be offered by the government.") (citing United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (internal quotation marks omitted); United States v. Ojeikere, 299 F. Supp. 2d 254, 258 (S.D.N.Y. 2004) ("A defendant is not automatically entitled as a matter of right or under the Federal Rules of Criminal Procedure to a list of the names and addresses of the government's witnesses prior to trial.").

Further, the law is clear that the government need not identify all overt acts committed in furtherance of a conspiracy to the defense.  "It is well-settled that there is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in a conspiracy charge."  Shteyman, 2011 WL 2006291 at *5 (quoting Nachamie, 91 F. Supp. 2d at 575) (quotation marks omitted); see also Jimenez, 824 F. Supp. at 363.

With regard to the defendants' request for co-conspirator information, the law does not entitle the defense to those details either.  In deciding whether to grant requests for the identities of unindicted co-conspirators, courts in this Circuit have considered the following six factors: (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the government has otherwise provided adequate notice of the particulars; (4) the volume of pre-trial disclosures; (5) the potential danger to co-conspirators; and (6) the potential harm to the government's investigation.  Nachamie, 91 F. Supp. 2d at 572.  Applying this standard, courts in this District have consistently held that the identities of co-conspirators are beyond the proper scope and function of a bill of particulars.  See United States v. Shkreli, No. 15-CR-637 (KAM), 2016 WL 8711065, at *4-6 (E.D.N.Y. Dec. 14, 2016) (denying request for identities of unindicted co-conspirators in complex, multi-year financial fraud case); United States v. Barrera, 950 F. Supp. 2d 461, 476-79 (E.D.N.Y. 2013) (WFK) (defendant not entitled to bill of particulars identifying unnamed co-conspirators in RICO case with predicate acts of conspiracy to murder and attempted murder); Raniere, 384 F.Supp.3d at 323-4 (denying a bill of particulars, including request for unindicted co-conspirator information); United States v. Messina, No. 11-CR-31 (KAM), 2012 WL 463973, at *10-11 (E.D.N.Y. Feb. 13, 2012) (denying request for the identification of unindicted co-conspirators in an eight-count indictment charging a racketeering conspiracy, loansharking and illegal gambling); United States v. Persing, No. 06-CR-815 (BMC),

2008 WL 11344620, at *3-4 (E.D.N.Y. May 6, 2008) (denying request for identities of unindicted co-conspirators in 16-count indictment charging the defendant with conspiring to distribute and possess with intent to distribute Vicodin and RICO conspiracy, including predicate acts of extortionate collection of credit and extortion, and parallel substantive counts); United States v. Mason, No. 06-CR-80 (NRB), 2007 WL 541653, at *4-5 (denying motion for the identification of all co-conspirators in connection with indictment charging ten defendants in seven-year narcotics conspiracy).  Finally, "the refusal of a district court to direct the filing of a bill of particulars as to the names of unindicted co-conspirators is not an abuse of discretion."  United States v. Aliperti, 867 F. Supp. 142, 148-49 (E.D.N.Y. Nov. 4, 1994).

The defendants request that the government to provide a detailed preview of its trial evidence and theories of liability, including the location where each act of forced labor was performed and by whom, information regarding the scheme's victims, including each act of force, coercion or abuse each individual was subject to, when, where and by whom.  These requests should all be denied as overbroad.  "It is not the function of a bill of particulars to allow defendants to preview the evidence or theory of the government's case."  United States v. Gibson, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001) (citing United States v. Perez, 940 F. Supp. 540, 550 (S.D.N.Y. 1996)); United States v. Rivera, No. 09-CR-619 (SJF), 2011 WL 1429125, at *8 (E.D.N.Y. Apr. 13, 2011); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (upholding the denial of a bill of particulars as to the "exact time and place of each alleged act associated with each offense identified in the indictment").

Nevertheless, in an effort to resolve this request and ensure the defendants have more than sufficient information to prepare for trial, the government provides the following details regarding the nature of the charged conspiracy.  The defendants are charged with conspiring to

obtain the labor and services of a group of OneTaste members through the various coercive means described in Paragraphs 6-12 of the Indictment.  The government anticipates presenting evidence at trial proving that the object of the conspiracy was to obtain the following forms of labor and services from the group of OneTaste members:

- Domestic services (cooking, cleaning) provided to Daedone and others at the direction of the conspirators;

- Administrative and personal assistant services to Daedone, OneTaste and other OneTaste employees;

- Sexual services to customers and potential customers, investors and potential investors, as well as certain other members and employees of OneTaste;

- Sales and recruitment work on behalf of OneTaste;

- Video and website production on behalf of OneTaste;

- Operating certain OneTaste locations and services, such as its massage parlors;

- Event planning, operations and management relating to OneTaste courses, retreats, scenes, and other events; and

- Instruction, tutorials, presentations and coaching about OneTaste's philosophy and practices, to include orgasmic meditation.

Given the detail in the Indictment, the abundant discovery provided by the government, and information provided herein, the defendants are fully able to prepare for trial, avoid surprise and interpose a plea of double jeopardy should they be prosecuted a second time for the same offense.

<u>CONCLUSION</u>

For the reasons set forth above, the government respectfully submits that the defendants' motion to dismiss and for a bill of particulars should be denied.


Dated: Brooklyn, New York
        February 16, 2024

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York


                                        ___/s/_____
                                        Lauren Howard Elbert
                                        Jonathan Siegel
                                        Devon Lash
                                        Assistant U.S. Attorneys
                                        (718) 254-7000


Cc:    Clerk of the Court (DG)
       Defense counsel (by ECF)