# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RACHEL CHERWITZ,<br><br>           Defendant. | Criminal Case No. 23-cr-146 (DG) |

### MOTION OF DUNCAN LEVIN, ESQ. TO WITHDRAW
### AS COUNSEL FOR DEFENDANT RACHEL CHERWITZ

Pursuant to Local Criminal Rule 1.4 of the Local Rules of this Court, Duncan Levin, Esq. respectfully moves this Court to withdraw as counsel for defendant Rachel Cherwitz.

An irreconcilable conflict of interest has developed between undersigned counsel and Ms. Cherwitz. Not only does this conflict create an ethical obligation for undersigned counsel to withdraw, it substantially affects Ms. Cherwitz's constitutional right to the effective assistance of counsel. *See* U.S. CONST., amend. VI. Among other things, there are conflicts of interest under *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), making it impossible for undersigned counsel to continue to represent Ms. Cherwitz without compromising the integrity of the defense. Should the Court require additional information regarding this conflict, the undersigned can provide such information *ex parte*.

To be clear, Ms. Cherwitz seeks absolutely no delay in the trial and has told undersigned that she will move expeditiously with respect to new counsel, or else have counsel appointed for her. A trial in this matter is not for at least another five months, which will allow Ms. Cherwitz more than sufficient time to find substitute counsel. Ms. Cherwitz is very familiar with the discovery produced thus far, and no 3500 material has even been produced yet at this stage of the

litigation. Undersigned counsel has conferred with the government, which does not oppose this application and takes no position.

Furthermore, undersigned counsel has already reviewed with Ms. Cherwitz the government's discovery production to date, filed relevant motions, and consulted with Ms. Cherwitz, and counsel for the co-defendant, Nicole Daedone, substantively on other motions that are to be filed. Other than a reply brief to the Defendants' pending Motion to Dismiss,[1] there are no imminent deadlines for any other defense motions, including motions *in limine*, for several months. There is not likely to be any significant delay, or delay whatsoever, caused by the Court granting this motion to withdraw, and Ms. Cherwitz seeks no such delay.

The genesis of this motion is very clearly and simply the development of this irreconcilable conflict between lawyer and client, which the undersigned believes requires withdrawal.

Rule 1.16 of the ABA Rules of Professional Conduct provide that a lawyer may withdraw from representing a client inter alia "(1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

---

[1] There are no imminent deadlines in the case for several months, with the sole exception of a reply brief on the defendants' motion to dismiss, which is presently due on August 26, 2024. Undersigned counsel, so as to minimize any prejudice to Ms. Cherwitz, would plan to assist counsel for the co-defendant in drafting a joint reply unless the Court prefers to give the defendants additional time for the reply to give incoming counsel the opportunity to participate in completing this briefing. The government has indicated that it would be amenable to either scenario.

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists." The Court has "considerable discretion in deciding a motion for withdrawal of counsel." *Bruce Lee Enters, LLC v. A.V.E.L.A., Inc.*, 2014 U.S. Dist. LEXIS 37574, at *6 (S.D.N.Y. Mar. 19, 2014). In this case, there is no adverse effect on Ms. Cherwitz, and she is ill served having counsel who is ethically conflicted from continuing to represent her.

Therefore, consistent with Local Criminal Rule 1.4 of the Local Rules of this Court, as well as Rule 1.16 of the ABA Rules of Professional Conduct, undersigned counsel respectfully moves to withdraw as counsel.

Ms. Cherwitz has been advised of her options with respect to obtaining other counsel and does not oppose this motion.

WHEREFORE, Movant respectfully requests that the Court enter an Order permitting him to withdraw as counsel of record for Defendant Rachel Cherwitz. A proposed order is attached as Exhibit A.

Dated: Brooklyn, New York
August 14, 2024

Respectfully submitted,

_/s Duncan Levin_
Duncan Levin, Esq.
Levin & Associates, PLLC
44 Court Street, Suite 905
Brooklyn, New York 11215
(212) 330-7626
*Counsel for Rachel Cherwitz*

3