

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EMR:GK/KCB/NCG/SMF | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

March 25, 2025

<u>By ECF and Email</u>

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>United States v. Cherwitz, et al.</u>
             <u>Criminal Docket No. 23-146 (DG)</u>

Dear Judge Gujarati:

      The government respectfully submits this letter in response to the defendants' March 23, 2025 letter. ECF Dkt. No. 300 ("Letter").

      The defendants seek to bring additional motions before the Court, each premised on Ayries Blanck having been the government's "key witness" and the above-captioned "case's collapse." <u>Id.</u> at 1. As the Court is aware, the instant case is not based on the testimony of any single witness or any single piece of evidence; to the contrary, the government in its initial motions <u>in limine</u> identified a non-exhaustive list of 24 separate individuals, including Ayries Blanck, whose labor was obtained by force as part of the defendants' ongoing conspiracy. ECF Dkt. No. 169 at 6-8.[1] The government also noted that in addition to witness testimony, it intends to admit corroborating evidence, including but not limited to contemporaneous email and text communications; OneTaste course materials and recordings; bank and other financial records; sales records; residential records; and employment and payroll records. <u>Id.</u> at 37-38.

      Further, the government had previously made clear to both defense counsel and the Court that it would not seek to admit Ms. Blanck's journals at trial. In light of the information the government recently learned and detailed in its March 12, 2025 filing regarding the authenticity of Ms. Blanck's journals, the government has also now made clear that it will not rely on Ms. Blanck as a witness at the forthcoming trial for any purpose, rendering many of the defendants' claims moot.

---

[1]    The government remains in the process of streamlining its case and does not intend to call each of these individuals at trial (including Blanck).

Nonetheless, the defendants claim that the government "implicitly admits" that it presented information about Blanck's journals to the grand jury, resulting in due process violations. Def. Mot. at 2-3. This is incorrect; the government has made no such admission. Any such motion by the defendants would fail for the reasons enumerated in the government's opposition to the defendants' previous motion to compel disclosure of grand jury testimony, see ECF No. 275 at 3-4. However, should the Court require, the government can submit a separate ex parte filing to the Court with additional information. See Fed. R. Crim. P. 6(e) (observing that court "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter").

Next, the defendants raise chain of custody arguments regarding Blanck's handwritten journals. See Def. Mot. 2. Again, as the government will not seek to admit these journals into evidence at the forthcoming trial, there is no issue with respect to chain of custody that the Court need decide.[2]

Finally, the defendants again raise numerous additional claims—including claims regarding purported "[m]ishandling of [d]igital [e]vidence" by a member of the FBI, Def. Mot. 2—which this Court has previously addressed and rejected on multiple occasions. See, e.g., Sept. 27, 2024 Tr. 26 ("[I]t is clear to the Court on the record before it that the agent did not direct the individual at issue to destroy her emails. What he actually said to her, and the inquiry from her that he was responding to, in context, paint a very different picture than the one defendants paint. Those communications are in the record."); January 7, 2023 Tr. 5 (denying the defendants' motion to continue and observing that the record "largely undercut[] defendants' arguments," and denying defendants' requests for various relief relating to an FBI special agent, observing "some of the defendants' arguments are ones that they have raised before and that the court did not find persuasive, as evidenced by prior rulings" and "[o]ther arguments are new arguments or more developed versions of prior arguments" which the Court likewise did "not find persuasive either" because they appeared to be based on "speculation" or "inaccurate

---

[2]    In addition, the defendants make much of claims by Blanck's sister regarding the number of type of journals she sent to the Federal Bureau of Investigation ("FBI"). Def. Mot. 2. Again, such arguments are irrelevant given that the journals will not be introduced at trial. In any event, as the government has already informed defense counsel, most recently, Blanck's sister informed the government, in sum and substance, that she recalled sending only three to five journals to the FBI, not six to eight. Nor does it make sense that an FBI special agent "hid" these journals, as the defendants claim, see id. at 3, given that they were produced and made available to the defendants in Rule 16 discovery in this case.

information and/or mischaracterization"). Repeating such allegations once again does not render them any more accurate.

                Respectfully submitted,

                JOHN J. DURHAM
                United States Attorney

By:   /s/
           Gillian Kassner
           Kayla Bensing
           Nina Gupta
           Sean Fern
           Assistant U.S. Attorneys
           (718) 254-7000

cc:    Clerk of Court (DG) (via ECF and Email)
        Counsel for Cherwitz and Daedone (via ECF and Email)