**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Celia Cohen
Tel: 646.346.8002
Fax: 212.223.1942
cohenc@ballardspahr.com

Michael P. Robotti
Tel: 646.346.8020
Fax: 212.223.1942
robottiM@ballardspahr.com

March 31, 2025

*Via ECF*

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Nicole Daedone and Rachel Cherwitz, 23-CR-146

Dear Judge Gujarati:

We write regarding the Court's March 27, 2025 letter directing the government to submit the grand jury minutes *ex parte*. Given the government's recent admission that Ayries Blanck fabricated journals for this prosecution and lied to the government, the testimony before the grand jury about anything related to Ayries Blanck constitutes potential *Brady* material. The indictment was secured in this case through evidence that was manufactured and designed to frame the defendants for a crime they did not commit. Because the defendants have demonstrated that the integrity of the investigation underlying this indictment violated the defendants' constitutional rights, the defendants should be entitled to review the grand jury minutes themselves. Accordingly, we respectfully request that the grand jury minutes be disclosed to the defendants as well as to the Court.

The grand jury testimony constitutes *Brady* because it demonstrates the unreliability of the investigation and government's failure to ask any questions concerning key evidence in this case. *See Kyles v. Whitley*, 514 U.S. 419, 446 (1995) (finding issues regarding integrity of investigation and information concerning potential planting of evidence to be *Brady*); *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) ("A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant, and we may consider such use in assessing a possible *Brady* violation."); *Lindsey v. King*, 769 F.2d 1034, 1042 (5th Cir. 1985) (awarding new trial of prisoner convicted in Louisiana state court because withheld *Brady* evidence "carried within it the potential . . . for the . . . discrediting . . . of the police methods employed in assembling the case")).

A review of the government's March 12, 2025 letter and the investigative report of Blanck's March 7, 2025 interview, demonstrates that the government failed to properly investigate to obtain the truth in this matter. Instead, since June 1, 2022, when Blanck first

Honorable Diane Gujarati
March 31, 2025
Page 2

told the FBI about her journals, there was a concerted effort to avoid digging into Blanck's inconsistencies. Rather than ask Blanck about the journals or even request that she provide them, the government sat on this information for nine months. The government admits that, during that time, it failed to ask a single question about the journals—even after the Netflix film aired. *See* Gov't March 12 Letter, Dkt. No. 292 at 2 (noting that, after June 1, 2022 when Blanck told FBI about journals, government never asked her about them, despite being interviewed on October 3, November 8, November 30, 2022, and January 18, 2023). Notably, on December 1, 2022, the defense provided to the government nine declarations from other OneTaste participants that demonstrated that Blanck lied to the media about OneTaste—lies that the defense later learned Blanck also made to the government. Those declarations were not only sworn statements, but they also included evidence, such as text messages, proving that Blanck was a liar. And later that same month, defense counsel also showed the government seven videos of OneTaste members discussing Blanck's lies. Given the government's failure to uncover the truth for years, despite having all this information at its fingertips, it is time that the investigation's failures be exposed through the grand jury testimony. The defense must be permitted to demonstrate the government's failure to properly investigate and its use of fabricated evidence to indict the defendants.

While the government argues that its decision not to rely on the journals or to call Blanck solves the issues in this case, the government misses the point. This entire case is infected by Blanck's lies and her fabricated evidence because they formed the basis for this indictment. Indeed, a review of the §3500 material indicates that information derived from Blank formed the basis of the presentation to grand jury. Blanck spoke to the government about all of the allegations in the indictment, including issues surrounding debt, claims that OneTaste provided commissions to other salaried staff, being made to OM or provide sexual favors to male clients, being forced to break up a relationship, and claims that she was forced to stay in her relationship with her boyfriend, so that he would invest in OneTaste. *See* Indictment, Dkt. No. 1 at §§ 7(b), 7(f), 8, and 9. Moreover, the government interviewed Blanck six times pre-indictment, including four times in the six months leading up to indictment, and Blanck sent several substantive emails to the FBI. This is more than any other witness. Indeed, in its motion *in limine*, *see* Dkt. No. 169, the government referenced Blanck 56 times—more than twice as many references than to any other individual, thus demonstrating that Blanck was the crux of the government's case.

The presentation of any direct evidence from Blanck or her journals taints the indictment and is *Brady* material. But even if the government did not read the journals to the grand jury or specifically identify information as coming from Blanck, the presentation of any summary information derived from her to the grand jury, or any testimony that she was corroborated by journals or other documentary evidence, also would taint the indictment. *See United States v. Estepa*, 471 F.2d 1132, 1136 (2d Cir. 1972) (if the grand jury is misled as to the nature of the hearsay evidence before it, dismissal is warranted).

Accordingly, the grand jury testimony likely contains false evidence not only from the journals, but also from information *derived from* Blanck's lies to the government, as well as

Honorable Diane Gujarati
March 31, 2025
Page 3

her intentional or unintentional omissions (due to the government's failure to ask basic questions). Thus, full disclosure of the grand jury minutes to the defense is necessary for the government to meet its *Brady* requirements. *See Kyles*, 514 U.S. at 439–40 (recognizing prudent prosecutor should resolve doubtful questions in favor of disclosure in search for truth)[1] (citing *United States v. Agurs*, 427 U.S. 97, 108 (1976) ("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure.")); *see also United States v. Nejad*, 487 F.Supp.3d 206, 225–26 (2020) ("With each document wrongfully withheld, an innocent person faces the chance of wrongful conviction.").

                                            Respectfully submitted,

                                            Celia Cohen

                                            Michael P. Robotti

---

[1] As the Supreme Court stated in *Kyles*, the government's obligations for disclosure of favorable evidence is not difficult; there is no penalty to the government for disclosure, only for non-disclosure. *Kyles*, 514 U.S. at 439–40 ("This means, naturally, that a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence. This is as it should be. Such disclosure will serve to justify trust in the prosecutor as 'the representative . . . of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done.' And it will tend to preserve the criminal trial, as distinct from the prosecutor's private deliberations, as the chosen forum for ascertaining the truth about criminal accusations." (alteration in original) (citations omitted)); *see also United States v. Leon*, 468 U.S. 897, 900–01 (1984) (recognizing general goal of establishing "procedures under which criminal defendants are acquitted or convicted on the basis of all the evidence which exposes the truth" (internal quotation marks omitted)).