

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

April 23, 2025

**VIA ELECTRONIC FILING**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *U.S. v. Cherwitz*, *et al.*, No. 23-CR-146 (DG)

Dear Judge Gujarati:

  With deep regret, undersigned counsel respectfully requests a four-week adjournment of trial in the above-captioned matter. Undersigned counsel is engaged in the *People v. Weinstein* trial which commenced on April 15, 2025. Undersigned has good cause for seeking this continuance in light of scheduling conflicts and delay that were beyond her control, and because the Honorable Judge Curtis J. Farber presiding over the *Weinstein* case indicated today that he was not inclined to permit another lawyer to substitute in for undersigned counsel and will not release her early from this case. The government strongly objects to this request.

  For background, undersigned counsel represented Mr. Weinstein prior to being retained in the instant case. Indeed, undersigned counsel has represented Mr. Weinstein for several years. The trial in this case was scheduled to commence on January 13, 2025, and this Court made it clear that the date was a firm one. The trial in this case should have concluded long before Mr. Weinstein's trial commenced.  Through no fault of undersigned counsel, this trial was continued almost four months.[1] As this Court may recall, when this case was adjourned, undersigned counsel did mention to the court that she had competing professional trial obligations. That said, undersigned counsel believed that the Weinstein trial could still conclude prior to this trial, particularly since the defense was under the assumption that the Weinstein trial would be relatively short given that numerous witnesses who testified at the original trial were precluded from testifying on retrial. Trial did not commence as early as hoped and jury selection took longer than expected. The Easter holiday pushed the trial back even further. Given Mr. Weinstein's

---

[1]  It is true that on December 30, 2024, the Defendants' attorneys moved to continue this case *six* months until July 2025 when Mr. Aidala's firm joined the case. [Dkt. No. 241] But had the Court granted that extension, it would have allowed the defense (including Mr. Aidala who also represents Mr. Weinstein) to ensure that Weinstein's trial concluded before this trial.



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

custody status and serious health issues (which have also caused delay to the trial), it was not an option to push back the start of Mr. Weinstein's trial until late June or July.

Undersigned counsel came to realize that a trial conflict was unavoidable. Although far from ideal, undersigned counsel was fully prepared to depart the *Weinstein* trial early if necessary and allow another attorney to substitute in. This morning, defense counsel raised the issue with Judge Farber and disclosed the likelihood that undersigned counsel would have to depart early. Judge Farber indicated that he would not be amenable to counsel departing early, citing Mr. Weinstein's Sixth Amendment rights observing that he might feel constrained to declare a mistrial if counsel were to depart early. For these reasons, undersigned counsel respectfully requests a four-week continuance to start the trial in this case.

Respectfully submitted,

/s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850