# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Celia Cohen
Tel: 646.346.8002
Fax: 212.223.1942
cohenc@ballardspahr.com

Michael P. Robotti
Tel: 646.346.8020
Fax: 212.223.1942
robottiM@ballardspahr.com

April 24, 2025

*Via ECF*

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Nicole Daedone and Rachel Cherwitz, 23-CR-146</u>

Dear Judge Gujarati:

In light of Magistrate Judge Robert Levy's order earlier today in the related proceeding pursuant to Federal Rule of Criminal Procedure 41(g), *see* Ex. A, the defendants Rachel Cherwitz and Nicole Daedone respectfully renew their request for this Court to hold an immediate *Kastigar* hearing. In his order, Judge Levy concluded that the documents referred to in the defendants' past filings on this issue as the Privileged Screenshots, the Privileged Outline, and the Privileged Risk Assessment (collectively, the "Stolen Privileged Documents") "are in fact privileged." *Id.* He further held that OneTaste had not waived the privilege. *See id.*

The record in this case is now entirely clear that the government took possession of privileged material directly related to the subject matter of this prosecution, reviewed it, and disseminated it within the government. Indeed, the government has conceded that FBI Special Agent McGinnis took possession of the Stolen Privileged Documents. It has conceded that an FBI agent emailed a bullet-point list of information related to that privileged material to one or more other agents. And, it has conceded that it failed to put in place taint procedures to safeguard the privileged material. Indeed, quite the opposite of safeguarding the privileged material to prevent tainting the prosecution team, the government stored the privileged material in the FBI and U.S. Attorney's Office case files, to which the prosecution team had unrestricted access. The government thus violated the defendants' Sixth Amendment right to counsel and Fifth Amendment right to due process.

Under these circumstances, the burden must shift to the government to identify wholly independent sources for its evidence. In *Kastigar*, the Supreme Court addressed when the burden shifts to the government in the context of a prosecution of an individual who previously

Honorable Diane Gujarati
April 24, 2025
Page 2

gave immunized testimony. *See Kastigar v. United States*, 406 U.S. 441, 460 (1972). The Court placed no initial burden on the defendant to show the prosecution team had read or used the immunized testimony before shifting the burden; rather, the government's access to the testimony was sufficient. *Id.* at 461–62. "This burden of proof...is not limited to a negation of taint; rather, it imposes on the prosecution the affirmative duty to prove the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." *Id.* at 460.

Accordingly, even when the government offers proof that no one from the prosecution team has, in fact, reviewed the material at issue (unlike this case), the Second Circuit has concluded that such proof is insufficient for the government to meet its burden. *See United States v. Nemes*, 555 F.2d 51 (2d Cir. 1977). In *Nemes*, the defendant's testimony had been compelled in a state proceeding, and federal authorities subsequently charged him. *Id.* at 52. The federal prosecutor asserted in an affidavit the prosecution team had not "seen or used [the defendant's] testimony before the state grand jury or to any state investigator." *Id.* at 53. Based on this evidence, the government argued "the prosecutor can discharge his burden...by proving that he had no direct or indirect access to the grand jury minutes, thereby proving that his sources could only have been independent." *Id.* at 55.

In rejecting this argument, this Court stated "[t]he principal issue is whether the Government satisfies its burden of showing that its evidence has been derived from sources independent of the immunized testimony simply by denying that federal officials have seen or used the immunized testimony." *Id.* at 52. The Court held "such a denial is insufficient." *Id.*

> The prosecutor may have never seen the witness's testimony and may believe in good faith that no one associated with the federal prosecution has seen it, but such a disclaimer does not preclude the possibility that someone who has seen the compelled testimony was thereby led to evidence that was furnished to federal investigators.

*Id.* at 55. Thus, once the defendant met the initial burden to establish she testified "under immunity on *matters related to the federal prosecution*," the burden must shift. Id. (emphasis added). Then, "[o]nly by affirmatively proving that his evidence comes from sources independent of the immunized testimony" could the prosecutor sustain his burden. *Id.*; *accord United States v. Allen*, 864 F.3d at 96 (2d Cir. 2017).

In applying the *Kastigar* framework to improper government access to privileged materials, the Second Circuit has previously considered the defendant's threshold burden in a summary order. *See United States v. Hoey*, 725 Fed. App'x 58, 61 (2d Cir. 2018) (summary order). In *Hoey*, the Court imposed the minimal burden to show the government had access to privileged materials pertaining to the prosecution's subject matter. *See id.* at 61; *see also United States v. Blau*, 159 F.3d 68, 72 (2d Cir. 1998) (stating *Kastigar* hearing is triggered where there is "factual relationship" between immunized testimony and federal prosecution).

Honorable Diane Gujarati
April 24, 2025
Page 3

This rule makes sense. When the government improperly accesses privileged information related to the case it charged, it is the government, not the defendant, that knows who accessed the information, when, and how they used it.

> The prosecution makes a host of discretionary and judgmental decisions in preparing its case. It would be virtually impossible for an appellant or a court to sort out how any particular piece of information in the possession of the prosecution was consciously or subconsciously factored into each of those decisions.

*Briggs v. Goodwin*, 698 F.2d 486, 494 (D.C. Cir. 1983); *accord United States v. Danielson*, 325 F.3d 1054, 1070 (9th Cir. 2003) ("[I]n such cases the government and the defendants will have unequal access to knowledge."); *United States v. Mastroianni*, 749 F.2d 900, 907 (1st Cir. 1984). Thus, when the government improperly accesses privileged material related to its case, the burden belongs squarely on it. *See, e.g.*, *Danielson*, 325 F.3d at 1072–73.

The Court should order an immediate *Kastigar* hearing to determine whether the government can meet its burden. To date, it has failed entirely to meet that burden, and the defense submits that it will be unable to do so at a hearing. As previously noted, the government's 18 U.S.C. § 3500 material shows that it used the Stolen Privileged Documents to build this entire case. Following the *Kastigar* hearing, this Court should dismiss the indictment. Short of that, it should order other significant sanctions, including (1) suppressing all witnesses and evidence derived from access to the Stolen Privileged Documents and (2) disqualifying all agents, prosecutors and other prosecution team members who had access to the Stolen Privileged Documents and evidence or witnesses derived therefrom. *See, e.g., SEC v. Rajaratnam,* 622 F.3d 159, 183 n.24 (2d Cir. 2010); *United States v. Reyes*, 934 F. Supp. 546, 553 (S.D.N.Y. 1996); *State v. Robins*, 164 Idaho 425, 437 (2018)*; State v. Lenarz*, 301 Conn. 417, 451 (2011)*; State v. Robinson,* 209 A.3d 25, 66–67 (Del. 2019) (Strine, J., dissenting); *People v. Joly*, 970 N.W.2d. 426, 435 (Mich. Ct. App. 2021).

        Respectfully submitted,

        /s/Celia Cohen
        /s/Michael Robotti
        *Counsel for Rachel Cherwitz*
        Ballard Spahr LLP

        /s/Jennifer Bonjean
        *Counsel for Nicole Daedone*
        Bonjean Law Group, PLLC