

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| KTF/KB/NG/SF | *271 Cadman Plaza East* |
| F. #2018R01401 | *Brooklyn, New York 11201* |

May 1, 2025

<u>By ECF</u>

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     United States v. <u>Cherwitz</u>, et al.
                Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

       The government submits this status letter jointly on behalf of the parties following conferral among the government, defense counsel, and Ezra Landes's counsel Matthew Umhofer pursuant to Your Honor's order of April 29, 2025. On April 29, 2025, the Court continued a hearing on a violation of the Protective Order in this case to May 2, 2025 at 10:00 a.m., and directed the parties to consult with each other and file a status letter by noon today. Following discussions, and as set forth below, the parties expect the hearing to proceed tomorrow morning.

    I.      <u>Background</u>

       The Court is aware of the background of this letter, and therefore the relevant facts are set forth only briefly here.

       On April 2, 2025, Ezra Landes, who is attorney of record for OneTaste, Inc. ("OneTaste") in a civil action in California state court, sent a letter to the government (the "Landes Letter") that contained liberal quotations and citations to materials produced by the government in the above-captioned criminal case pursuant to 18 U.S.C. § 3500 that were designated as Sensitive under the governing protective order in this case, which materials Mr. Landes is not permitted to possess. <u>See</u> Nov. 15, 2024 Order (the "Protective Order"). Mr. Landes did not sign the Protective Order. The government requested a hearing regarding violations of the Protective Order. The parties, Mr. Landes, and his counsel Mr. Umhoffer appeared in court on April 29, 2025 for this purpose.

At the April 29, 2025 hearing, counsel for defendants Rachel Cherwitz and Nicole Daedone repeated on the record their prior representations that defense counsel did not provide Mr. Landes the protected materials. Defense counsel also stated that (1) their clients had indicated they did not provide Mr. Landes the requested materials, and (2) the two attorneys for OneTaste who are permitted to possess materials under the Protective Order, Rachel Caine and Kevin Williams, had also stated to defense counsel that they did not provide Mr. Landes the requested materials. The Court then asked Ms. Caine and Mr. Williams, who were present in the courtroom gallery, whether they had provided the protected materials to Mr. Landes, and they each declined to answer.

The government proffered its intention to call Mr. Landes to testify and ask him who provided him the protected materials, and argued that the answer to this question—the identity of an individual—is not privileged. Mr. Umhofer indicated he needed more time to assess the privilege and ethical implications of Mr. Landes answering such a question so that he could properly advise him. The Court held a brief in camera discussion with Mr. Umhofer and then continued the hearing as described above.

II. The Parties' Discussions and Mr. Landes's Proffered Position

The government understands from discussion with Mr. Umhofer that, if called to testify on Friday morning, Mr. Landes intends to decline to answer the question of who provided him the protected materials cited in the Landes Letter on the grounds of (1) common-interest privilege with the criminal defense team and (2) Mr. Landes's ethical duty of loyalty. We also understand from Mr. Umhofer that Mr. Landes may also decline to answer the question in camera and ex parte on duty-of-loyalty grounds. Mr. Umhoffer intends to file a separate letter with the Court outlining his client's position.

Given that the anticipated privilege assertion is rooted in a common interest with the criminal defense team (rather than pure attorney-client privilege between Mr. Landes and OneTaste), the government asked defense counsel and Mr. Umhofer to discuss how Mr. Landes came to possess the materials, and propose to the government potential remedies that could obviate a hearing. The parties have not conceived of a remedy that would resolve the need for a hearing from the government's perspective.

Therefore, the parties expect to proceed to a hearing tomorrow.

III. The Government's Position Regarding the Anticipated Assertions

It is the government's position that neither anticipated assertion—common-interest privilege or an assertion based on a fiduciary duty of loyalty—is an appropriate basis for Mr. Landes to decline to respond to the question of who provided him the materials cited in the Landes Letter in violation of the Protective Order.[1] The government is prepared to brief the

---

[1] United States v. Mitchell, 372 F. Supp. 1239, 1245 (S.D.N.Y. 1973) and In re Terentius, 256 F.Supp. 683 (S.D.N.Y.1966)—cited by Mr. Umhoffer at the April 29, 2025 hearing—are not to the contrary. Those cases addressed compulsion of a grand jury target's attorney's work

2

issue in more detail once the assertion of privilege has been made and its relevant bases established, but in summary, the government's position is as follows:

- The burden of establishing privilege falls on the party asserting privilege; here, Mr. Landes. See, e.g., Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 472 (S.D.N.Y. 2003) ("The party asserting that a privilege exists by virtue of the common interest doctrine bears the burden of establishing each element necessary to demonstrate its applicability.")

- Identity is generally not privileged; much less the identity of someone who provided materials in violation of a Court order. See In re Shargel, 742 F.2d 61, 62 (2d Cir. 1984).

- The common-interest privilege is an exception to waiver of the attorney-client privilege and only protects privileged communications, which this inquiry does not implicate. See United States v. Agnello, 135 F. Supp. 2d 380, 382 (E.D.N.Y.), aff'd, 16 F. App'x 57 (2d Cir. 2001) ("The joint defense privilege 'is not an independent basis for privilege but an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to a third party.'").

- Even if the information were privileged—which it is not—the crime-fraud exception would apply. See United States v. Tucker, 254 F. Supp. 3d 620, 621 (S.D.N.Y 2017) ("There is a "well-established exception to the privilege when communications are made in furtherance of contemplated or ongoing criminal or fraudulent conduct."); Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 319 F.R.D. 100, 110 (S.D.N.Y. 2017) ("[A]dvice in furtherance of a fraudulent or unlawful goal cannot be considered 'sound'" and is, rather, "socially perverse."); see also 18 U.S.C. §§ 401, 402 (willful disobedience of court orders).

- And even if the identity of the individual who provided Mr. Landes the protected materials was privileged and not subject to the crime-fraud exception, the Court could order the information to be provided in camera and fashion an appropriate remedy without the privilege being waived. See United States v. Zolin, 491 U.S. 554, 572 (1989).

- An attorney's duty of loyalty, separate from the attorney-client privilege, is not a testimonial privilege. See generally California Rules of Professional Conduct (Mr. Landes is licensed in California); see also ABA Model Rule 1.6(b)(6) ("A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes

---

product protected information in the grand jury as part of a criminal investigation and did not analyze the crime-fraud exception, among other applicable issues.

3

necessary to comply with other law or a court order"). In addition, to the extent the protected materials were provided to Mr. Landes by someone within the criminal defense team rather than by OneTaste (which Mr. Landes's anticipated assertion of a common-interest privilege, rather than the attorney-client privilege, suggests), Mr. Landes does not owe a duty of loyalty to a non-client.

- The attorney-client privilege may not be asserted as both a sword and a shield. United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword. . . . A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").

The government submits it is important—both in this case and in the long-term institutional interests of the Court—to establish the relevant facts surrounding Mr. Landes's possession of the protected materials and fashion an appropriate remedy to prevent and deter future Protective Order violations. Such information is also necessary so that the Court may fashion a narrow, tailored remedy that prevents against future violations while balancing the need for defense counsel to prepare for the upcoming trial. This cannot happen in the absence of an understanding of who provided Mr. Landes the protected materials, which information is not privileged and at the very least may be provided to the Court in camera at the upcoming hearing.

IV. The Defense Position

The defense's position is that the sharing does not concern the defendants, and that they should be excused from tomorrow's proceeding. The Court can proceed as it deems appropriate with respect to Mr. Landes.

V. Conclusion

The parties have been unable to resolve the above-described Protective Order issues short of a hearing. The government intends to proceed with the requested hearing tomorrow.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:  /s/
Kayla C. Bensing
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000