

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KCB/KTF/NCG/SMF
F. #2018R01401

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 12, 2025

By ECF to the Honorable Diane Gujarati

      Re:    United States v. Rachel Cherwitz, et al.
                Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

On December 9, 2024, the defendants moved to preclude the government from offering photo and video exhibits that depict explicit sexual content. See ECF No. 224. The defendants outlined in that motion a series of exhibits that the defendants sought to preclude, including exhibits showing the practice of orgasmic meditation—the practice that the defendants themselves marketed and taught, and which they sought victims to demonstrate, for more than a decade. See id. For the reasons that follow, the government respectfully requests that the Court permit the government to offer one censored approximately three-minute video clip depicting defendant Nicole Daedone engaging in the practice of orgasmic meditation at a 2008 Stinson Beach demo for "VIPs," investors, and select community members.[1]

The video clip, which was previously provided to the Court in connection with the government's production of its exhibits in this case, see GX 3802-D-1-C, is relevant and probative of the charged offense:

- It illustrates the conspiracy between the two defendants. In an earlier clip, Rachel Cherwitz introduces Daedone to the audience in a colorful manner. Daedone then disrobes and is stroked by a man, while Rachel Cherwitz calls up a series of "VIPs," investors, and select community members, and guides them to touch Daedone's body.

- It corroborates Daedone's romantic relationship with key investor Reese Jones and his importance to the growth of the organization. The video depicts them kissing and him touching her during the OM. Witness testimony has established (and additional witness testimony will confirm) that this demo occurred at Jones's Stinson Beach estate.

---

[1] This particular clip is part of a series of short clips the government intends to offer from the 2008 Stinson Beach event. The defense has only moved to preclude videos that include sexually explicit content; the other clips the government intends to offer about this topic do not contain sexually explicit content. The sexually explicit content in this clip has been pixelated so that the breasts and genitalia are not visible.

- It corroborates Christina Berkley's testimony by showing the "exquisite" level of attention she gave Daedone in fixing her pillow during the OM. It depicts labor by Ms. Berkeley on Daedone's behalf.

- It shows the practice of OM, which was among the labor certain victims performed, but also concretely illustrates Daedone's performative approach to demonstrating OM to investors.

The government generally has a right to present evidence, rather than accept a stipulation, in order to "tell [the jury] a story of guiltiness[,] . . . to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable[, and] . . . to point to the discrete elements of a defendant's legal fault." United States v. Harris, 548 F. App'x 679, 682 (2d Cir. 2013) (quoting Old Chief v. United States, 519 U.S. 172, 187–88 (1997) (alterations in original)). The proffered evidence is also not precluded by Federal Rule of Evidence 403 as its probative value is not substantially outweighed by any unfair prejudice to the defendant. "[T]he Second Circuit has made clear that the graphic or disturbing nature of a photograph alone is not enough to render it inadmissible" under Rule 403, and explained that "the analysis hinges upon whether the photograph is relevant to the resolution of some disputed point in a trial or otherwise aids a jury in a factual determination." United States v. Salim, 189 F. Supp. 2d 93, 98 (S.D.N.Y. 2002) (citing United States v. Velazquez, 246 F.3d 204, 210–11 (2d Cir. 2001)). Here, the probative value is high, and the government has taken steps to minimize any risk of unfair prejudice to the defendant. Specifically, as noted above, the government is seeking to admit only three minutes of approximately hours of footage of the practice of orgasmic meditation, and the government has pixelated the portions of the video that depict Daedone's genitalia and breasts. Further, the government has no objection to not displaying the exhibit on the public monitor.

**The Defense Position**

The government seeks to offer a highly inflammatory video of Ms. Daedone being stroked as part of a public OM demonstration notwithstanding that it has a mountain of other evidence on which it has and can rely to educate the jury about the practice of OM. Defendants already moved to bar this video, and others, pursuant to Fed. R. Evid. 401 and 403. [ECF Dkt. No. 224] Prior to trial, the government consistently maintained that it would not make the practice of Orgasmic Meditation a central feature of its case, but those representations were not accurate. Indeed, the government has sought to inflame the passions of the jury by shocking them with evidence of the practice of OM, repeatedly referring to it as "genital rubbing," eliciting testimony from multiple witnesses about the practice of OM, admitting into evidence an OM practice book along with diagrams of the practice. Now, the government seeks to introduce live video that adds nothing to what the jury already knows and serves only to inflame their passions and appall them. The video adds virtually nothing to the question of whether the Defendants are guilty of the offense of conspiracy to commit forced labor, particularly since the video depicts Ms. Daedone who is clearly engaging in a consensual act.

The government prostrates itself to devise a legitimate basis for introducing the video. First, the government contends that because Daedone and Cherwitz are in the video and are both part of the public demonstration, the video provides evidence of the conspiracy. Not so. It is

undisputed that Daedone and Cherwitz were committed to the practice of OM, and both played a role in the development of OM within the OneTaste community. This video does not make it more or less likely that they were engaged in a conspiracy to commit *forced labor* where it is undisputed that both women practiced orgasmic meditation, promoted the practice, and sold courses to teach the practice. There is nothing about this event that supports the government's contention that Defendants forced *other* people to commit labor. This video depicts Ms. Daedone who is clearly engaging in the practice consensually. The video's connection to the forced labor conspiracy charge is non-existent.

Second, it is undisputed that Defendant Daedone and Jones had a long romantic relationship. It is also undisputed that Jones provided financial backing to the company. There has already been testimony to this effect that was unchallenged, and there will most certainly be loads more about Daedone's relationship to Jones and his relationship to OneTaste. Where there are no real issues in dispute, the probative value of this evidence is nil.

Third, the video offers no relevant evidence concerning Christina Berkley who expressly denied that she was forced into any labor related to her OMing activities. She complained about being "brainwashed" and being bullied, but very clearly testified that she had no complaints about her "sexual" work at OneTaste and enjoyed her role as Ms. Daedone's assistant. Even if Berkley had suggested that her propping of a pillow was forced labor, she already testified about it and the defense did not challenge her testimony on this point. Again, this basis is a weak guise for introducing highly inflammatory evidence that has no probative value.

Lastly, the practice of OM is not in dispute. Several witnesses have described it and many more will. The jury does not need to see this sexually explicit video to understand the practice of OM. If the Court is inclined to show video of OM to the jury, the Defendants would prefer to conduct a live demonstration which would be a better depiction of a typical OM practice than is this video from nearly 20 years ago.

The video is gratuitous and is a consensual sex act that has no relevance to the charged offense. There is simply no fact in dispute that is made more or less probable with this evidence since there is no dispute about how OM is conducted, there is no dispute about the practice of OM, and the Defendants' commitment to the practice. Indeed, there is a mountain of evidence that reflects their beliefs about the value of OM and their commitment to building a company with OM being the core value of the company. Fed. R. Evid. 401. Even if the video has some tiny bit of relevance, it is cumulative to the mountain of other evidence that the government can and will rely on to make their case and the prejudicial effect is unquantifiable. Fed. R. Evid. 403

Rule 403 requires "the district court [to] make a conscientious assessment of whether unfair prejudice substantially outweighs probative value" with regard to each piece of proffered evidence. *United States v. Salameh,* 152 F. 3d 88, 110 (2d Cir. 1998). *Ali v. Connick,* 2016 US Dist. LEXIS 67466, at *4-6 (*EDNY May 23, 2016, No. 11-CV-5297 (NGG) (VMS). *See also, United States v. Torniero,* 735 F2d 725, 730 (2d Cir 1984), *United States v. Quinto*, 582 F2d 224 (2d Cir 1978)*, United States v. Praetorius,* 462 F Supp 924, 927-928 (EDNY 1978).

Evidence is unfairly prejudicial only when it tends to have some adverse effect upon

3

a defendant beyond tending to prove the fact or issue that justified its admission. *See United States v. Jamil,* 707 F.2d 638, 644 (2d Cir. 1983*); United States v. Robinson,* 560 F.2d 507, 513-14 (2d Cir. 1977) *(en banc), cert. denied,* 435 U.S. 905 (1978). *[...]* When material evidence has an additional prejudicial effect, Rule 403 requires the court to determine whether the "probative value of the evidence is substantially outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant." *Id. (emphasis added).*

The Supreme Court has observed that in Rule 403, "[t]he term 'unfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States, 519 U.S. 172, 180 (1997).* The question is not whether the evidence was suggestive of guilt--as all relevant evidence offered against the defendant would suggest guilt--but rather, whether "it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980).* This "adverse effect" may consist of a "tendency of the evidence [in question] to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *Id.* When courts balance the potential prejudice against the probative value of the evidence, it is informed by the availability of alternative means to present similar evidence. The Supreme Court has approved of the consideration of such "evidentiary alternatives," holding that "when Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives." *Old Chief,* 519 U.S. at 184-85*. United States v. Massino,* 546 F3d 123, 132-133 (2d Cir 2008), *United States v. Vargas,* 702 F Supp 70, 72-73 (SDNY 1988)*.*

The Stinson Beach video has no relevance whatsoever to the forced labor conspiracy charge. To the extent it does, that probative value is nil and substantially outweighed by the prejudicial effect for the all the reasons identified above. The government's motion must be denied.

                              Respectfully submitted,

                              JOSEPH NOCELLA, JR.
                              United States Attorney

By:     /s/
        Kayla C. Bensing
        Kaitlin T. Farrell
        Nina C. Gupta
        Sean M. Fern
        Assistant U.S. Attorneys
        (718) 254-7000