

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KCB/KTF/NCG/SMF
F. #2018R01401

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 22, 2025

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Cherwitz, et al.
               Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

        The government respectfully submits this letter to advise the Court of the parties' proposed instruction to the jury regarding a witness (the "Witness") who the government anticipates will invoke his Fifth Amendment rights in response to questioning at the above-captioned trial. Where there is reason to believe a witness may invoke his Fifth Amendment rights in response to questioning, the government respectfully submits that the best practice is for the Court to conduct a voir dire of the witness outside the presence of the jury to determine whether the witness will invoke and whether the invocation is valid. United States v. Victor, 973 F.2d 975, 979 (1st Cir. 1992). In three recent cases in this District, the Court followed the following procedure: (1) the witness was called to the stand and stated his name in the presence of the jury; (2) the jury was excused; (3) outside the presence of the jury, the government questioned the witness and, in response, the witness invoked his Fifth Amendment right; (4) the Court informed the witness of the immunity order, issued the order and ordered the witness to testify; (5) the jury returned; (6) the Court instructed the jury the witness would be testifying pursuant to an immunity order and (7) the witness resumed his testimony.[1] See United States v. Bracy, No. 20-CR-483 (ARR), Jan. 9, 2023 Trial Transcript at 22-30; United States v. Smothers, No. 20-CR-213 (KAM), Jan. 26, 2023 Trial Transcript at 932-37; United States v. Pena, No. 21-CR-176 (AMD), Sept. 17, 2024 Trial Transcript at 1044-1054.

---

      [1]    Alternatively, the parties have no objection to the Witness's invocation and the Court's instructing the Witness outside the presence of the jury, and then re-swearing the Witness before the jury.

The government respectfully requests the Court follow a similar procedure when the Witness is called to testify and, as discussed, instruct the jury of the following prior to the Witness's testimony:

> You will now hear the testimony of a witness who will testify under a grant of immunity from this Court after invoking his Constitutional right against self-incrimination. What this means is that testimony of the witness may not be used against him in a criminal case, except in a prosecution for perjury, making a false statement, or otherwise failing to comply with the immunity order. Under the law, Congress has granted the right to request that a witness be prepared to testify after exercising his right against self-incrimination. I issued an order compelling the witness to testify and granting him immunity from prosecution at the request of the Department of Justice.

The government understands that the defendants consent to this process and instruction.

                Respectfully submitted,

                JOSEPH NOCELLA, JR.
                United States Attorney

By:    /s/
        Kayla C. Bensing
        Kaitlin T. Farrell
        Nina C. Gupta
        Sean M. Fern
        Assistant U.S. Attorneys
        (718) 254-7000