

**U.S. Department of Justice**

United States Attorney
Eastern District of New York

KCB/KTF/NCG/SMF
F. #2018R01401

271 Cadman Plaza East
Brooklyn, New York 11201

May 22, 2025

<u>By ECF</u>

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Cherwitz, et al.</u>
               <u>Criminal Docket No. 23-146 (DG)</u>

Dear Judge Gujarati:

      The government respectfully submits this motion in advance of certain testimony in which the government intends to offer certain out-of-court statements not for their truth but rather to show that the defendants were put on notice of certain facts.

      Throughout this trial, counsel for the defendants have asked various witnesses a series of questions regarding whether those witnesses had ever told the defendants that they did not want to engage in certain acts and/or that they felt manipulated. <u>See, e.g.</u>, Tr. 1551; 1558; 1571; 1903; 1907; 1924; 1930; <u>see also</u> 18 U.S.C. § 1589 (knowing and reckless disregard mental states in forced labor statute). To rebut these claims of lack of notice, and to prove the knowledge and intent element of the charged crime, the government intends to offer into evidence, among related testimony, the following: (1) testimony from immunized witness Robert Kandell[1] regarding discussions he had with Nicole Daedone following a March 2009 New York Times article featuring OneTaste that quoted Daedone stating that there was a "high potential for [OneTaste] to be a cult" and in which OneTaste participants raised concerns about Daedone's "cultlike powers," describing her as a "master manipulator," with at least one participant describing, from her involvement in OneTaste, that "[y]ou stop trusting yourself and start trusting Nicole," <u>see</u> GX 1022; (2) testimony from Mr. Kandell that OneTaste retained the services of a website called Reputation.com to scrub the Internet of references to OneTaste being a cult and any association between Nicole Daedone and cult, and that Daedone was aware of this, <u>see</u> GX 1034; (3) testimony from Mr. Kandell regarding a complaint posted to OneTaste's

---

      [1] The government proffers here what it believes Mr. Kandell will testify but notes he is an immunized witness with whom the government has not had ample

OMHub (which platform defendant Cherwitz was on) regarding an alleged sexual assault in an Austin OM house, which subsequently led to the closure of OneTaste city affiliates, including in Austin and Boulder, see GX 4901; (4) high-level testimony from an upcoming victim witness about 2015 allegations of psychological manipulation and sexual labor at OneTaste, and discussions about that with the defendants; (5) GX 1265, which is a text message involving defendants Rachel Cherwitz and Nicole Daedone concerning an individual associated with OneTaste "molesting" another individual; (6) GX 1283, which is a text message involving defendant Nicole Daedone in which Daedone is put on notice of a labor complaint; (7) GX 2136, which is a text thread involving Rachel Cherwitz in which a complaint about a pattern of harm and coercion at OneTaste is discussed; and (8) GX 906 and/or 907, which is a document written by a testifying victim-witness before her departure from OneTaste outlining complaints that she shared with OneTaste leadership, including the defendants. The government anticipates offering the last three exhibits through an FBI summary witness next week.

The aforementioned exhibits and testimony are not being offered for their truth but rather to show that the defendants were put on notice of the allegations contained therein. Thus, the statements contained in these exhibits are not hearsay under Federal Rule of Evidence 801(c). Id. 801(c) advisory committee's note ("[I]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). A statement offered to show its effect on the listener is not hearsay. United States v. Dupree, 706 F.3d 131, 136 (2d Cir. 2013); see also George v. Celotex Corp., 914 F.2d 26, 30 (2d Cir.1990) ("To be sure, an out of court statement offered not for the truth of the matter asserted, but merely to show that the defendant was on notice of a danger, is not hearsay."). Similarly, a statement is not hearsay where it is offered not for its truth but to show that a listener was put on notice about certain allegations. See Dupree, 706 F.3d at 137; HLT Existing Franchise Holding LLC v. Worcester Hosp. Grp., LLC, 609 F. App'x 669, 671 (2d Cir. 2015) (finding that hotel guests' survey responses that would otherwise be hearsay if admitted for the truth of the matter asserted in the statement were admissible "because those responses were admitted solely for the purpose of showing their effect on HLT's decision to terminate the franchising agreement").

The same is true of newspaper articles, like the New York Times article referenced above, that are offered not for the truth of the statements made therein, but rather to show that a party had notice about a specific set of facts. United States v. Buck, No. 13-CR-282 (JSR), 2017 WL 5201447, at *2 (S.D.N.Y. Oct. 30, 2017); see also Jordonne v. Ole Bar & Grill, No. 13-CV-1573, 2016 WL 3409088, at *6 (S.D.N.Y. Apr. 26, 2016) (finding that articles offered "to demonstrate that Defendants were on notice of allegations of violence at their venue . . . [are] non-hearsay because they are not being offered for the truth of the matter asserted"); Rivera v. Incorporated Vill. of Farmingdale, 29 F. Supp. 3d 121, 128-30 (E.D.N.Y. 2013) (noting that newspaper articles can be admissible for non-hearsay purposes, such as state of mind). Notably, unlike in the cases above, the government is not seeking the article's admission, but instead testimony from a percipient witness about discussion of the article with a defendant.

Nor should this evidence be excluded on Rule 403 grounds. It is highly probative of a core disputed element of the crime—the defendants' knowledge and intent—and the defendants have frequently inquired of witnesses about the defendants' notice of coercion. Nor

would admission of such evidence violate the Confrontation Clause. "When a statement is admitted for a reason unrelated to its truth, [the Supreme Court has] held, the Clause's 'role in protecting the right of cross-examination' is not implicated. That is because the need to test an absent witness ebbs when her truthfulness is not at issue." Smith v. Arizona, 602 U.S. 779, 785 (2024) (internal citations omitted). Nor are the various co-conspirator and defense statements about the various forms of notice testimonial, to the extent the defendants' and co-conspirators' statements (as opposed to the allegations offered for notice) are offered for their truth, and therefore do not implicate Confrontation Clause issues. See id. In addition, the defense will have the opportunity to cross-examine Mr. Kandell and the victim-witness about their discussions with the defendants.

Thus, for the foregoing reasons, the government respectfully submits that the proffered evidence be admitted.

**The Defense Position**

The government provided a draft of this motion to the defense on May 21, 2025 at 10:10 a.m.[2] and has not received a response, although we understand the defense opposes this motion.

                                                          Respectfully submitted,

                                                          JOSEPH NOCELLA, JR.
                                                          United States Attorney

By:    /s/
                                                      Kayla C. Bensing
                                                      Kaitlin T. Farrell
                                                      Nina C. Gupta
                                                      Sean M. Fern
                                                      Assistant U.S. Attorneys
                                                      (718) 254-7000

---

[2] While we understand the defense objects to the amount of time it has had to respond, the government notes that it has provided written responses to defense motions with less than 24-hours' notice throughout this trial.