

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

April 22, 2025

**VIA ELECTRONIC FILING:**
The Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *U.S. v. Cherwitz, et ano.*, No. 23-cr-146 (DG)

Dear Judge Gujarati:

  Defendants file this letter in opposition to the government's motion filed at ECF Dkt. 387. The government seeks to admit: (1) a 2009 New York Times article about OneTaste (GX1002); (2) an email documenting OneTaste's efforts to obtain internet reputation repair services (GX2034); (3) a sexual abuse complaint posted to the public OMHub account in 2013 (GX 1034); (4) testimony concerning Aryies Blanck's 2015 demand letter alleging certain misconduct; (5) a text exchange between Defendants related to an alleged "molestation" unrelated to any OneTaste employees (GX1265); (6) a text exchange involving someone's threat to make a labor a complaint (GX1283); (7) a text thread in which Rachel Cherwitz seemingly copied and pasted a 2016 complaint of an anonymous person complaining about OneTaste caused her anorexia; (GX2136); and (8) an undated, unsigned document by an unknown individual detailing complaints about OneTaste. (GX906 and/or 907)

  Defendants object to the admission of all of these exhibits on multiple grounds. The government clearly seeks to introduce inadmissible Fed. R. Evid. 404(b) evidence while denying Defendants the opportunity to challenge the allegations which bear little resemblance to the allegations made in this case. What's more, the allegations were lodged in most cases by anonymous people or after the incidences alleged by the complaining witnesses in this case. The government's claim that it seeks to admit this evidence for "notice" purposes is nothing but a ruse to put highly prejudicial information before the jury that the Defendants are powerless to refute.

(1)  **GX1002 -** The 2009 New York Times article has no relevance to this case, including relevance to the question of notice. The vast majority of the article contains irrelevant biographical information about Ms. Daedone; her connection to other cults-like

1



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

organizations; her prior relationships with alleged "gurus;" and anonymous opinions and characterizations of Ms. Daedone. The journalist writes about Ms. Daedone: "former members say she has cultlike powers over her followers. They say she sometimes strongly suggested who should pair off with whom romantically." And "much of the community's tone revolves around Ms. Daedone, a woman of considerable charm, although detractors regard her as a master manipulator." Additionally, Ms. Daedone apparently conceded that "There's a high potential for this [OneTaste] to be a cult."

Contrary to the government's argument, none of the information contained in the article put Ms. Daedone on notice of allegations of coercion by the complaining witnesses in this case or any community members. That unidentified people characterized OneTaste as having cult-like qualities and "detractors" called Daedone a "master manipulator" did not provide notice to Daedone that the witnesses *in this case* or that *any* members of the community were being coerced into conduct they did not want to engage in.

Separately, these allegations constitute multiple layers of hearsay. *See United States v. Cummings*, 858 F.3d 763, 774 (2d Cir. 2017) (holding that in a double hearsay issue, the Second Circuit Court of Appeals determined that the second statement did not meet any hearsay exception, thus failing to satisfy Rule 805's requirement that "each part of the combined statement" be admissible and rendering the double hearsay inadmissible.) The fact that the defendants may have learned about anonymous and vague allegations in newspapers or on the internet did not put the Defendants on notice of allegations made by the complainants in this Although the government contends that it only seeks to introduce the article for a non-hearsay purpose, the risk of undue prejudice is extraordinarily high while the probative value is nil.
The only purpose of this article is to prejudice the jury with inflammatory information.

(2)     **GX1034** – The email containing information about OneTaste's efforts to enlist a reputation repair service is irrelevant. At best, the email shows that OneTaste was on notice that it was perceived as a cult. But this is not in dispute. The government has already elicited testimony from Chris Hubbard that Ms. Daedone herself stated she was the leader of a "sex cult." The jury has already heard plenty of testimony that Daedone and the upper management of OneTaste *knew* they were perceived as a cult. This knowledge is not the same as having knowledge that the complaining witnesses or other community members had complained about coercion.

This evidence also suffers from the same hearsay problems identified, *supra.*

(3)     **GX 4901** - There is no non-hearsay purpose for putting into evidence a public posting by a community member who experienced an alleged fondling by a OneTaste



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

community member. As the post reflects, a OneTaste community member complained publicly about an isolated incident in which a certain OM coach came into her room and grabbed her breast. This complaint may have put OneTaste on notice that it had a rogue employee who assaulted a woman, but it has nothing to do with the allegation that there was a culture of coercion or manipulation that resulted in people engaging in activities they did not want to. Again, this allegation bares not resemblance to the allegations in this case.

This evidence also suffers from the same hearsay problems identified, *supra.*

(4)     Testimony concerning Ayries Blanck's demand letter to OneTaste containing certain allegations is irrelevant for notice purposes where Blanck's demand letter post-dated the allegations made in this case. The clear purpose in presenting this testimony is to apprise the jury about an uncharged act that Defendants have no ability to challenge. That Blanck is a known liar and fabricator makes the potential prejudice to the Defendants even greater. There is no scenario where *any* testimony about Blanck's demand letter should be introduced. If this Court is inclined to allow such testimony, the Defendants must be afforded the opportunity to challenge the veracity of Blanck's allegations by calling witnesses who can testify that Blanck fabricated evidence to falsely corroborate her claims of abuse.

(5)     **GX1265** – A text exchange among OneTaste upper management regarding the circumstances of a "guy" (not a OneTaste employee) who allegedly "molested" a woman at her own home after they met to OM together does not constitute notice of a culture of coercion at OneTaste. Again, this allegation involves alleged sexual abuse by a random person on premises outside of OneTaste and has no similarities to the types of allegations in this case.

This evidence also suffers from the same hearsay problems identified, *supra.*

(6)     **GX1283** – A text exchange among OneTaste upper management about someone who had refused to pay rent at an OM house and threated to make a complaint about violation of labor laws is simply not relevant to any allegation in this case. This text exchange is not evidence that Defendants knew of the specific allegations by the complaining witnesses or *any* allegations that community members or employees were engaging in sexual conduct as a result of a culture of coercion and manipulation.

This evidence also suffers from the same hearsay problems identified, *supra.*

(7)     **GX2136** – A text exchange in which Rachel Cherwitz seemingly reports the complaint of an unidentified individual who blames OneTaste for her eating disorder is



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

not relevant for notice purposes. Most importantly, the complaint was not made until 2016, after all the allegations made in the instant case. Moreover, the complaint generally discusses PTSD, emotional trauma, and anorexia, it does not involve an allegations of a culture of coercion or manipulation that forced the individual into engaging in activities she did not want to.

This evidence also suffers from the same hearsay problems identified, *supra*.

(8)   **GX906 and/or 907** – An anonymously written document that is undated and for which there is no evidence that the document was sent to the Defendants or any member of the OneTaste upper management lacks foundation to demonstrate notice. Notice aside, this evidence also suffers from the same hearsay problems identified, *supra*.

To the extent any of these exhibits are relevant, their relevance is far outweighed by their prejudicial effect.  Rule 403 allows the exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, wasting time, or being needlessly cumulative. *See U.S. v. Mostafa*, 16 F.Supp.3d 236 (2014) (the court allowed the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, wasting time, or being needlessly cumulative.).  Through these exhibits, the government attempts to inject additional conduct into this case to demonstrate that the defendants were therefore aware of the allegations raised by the witnesses.  This is prejudicial to the defendants and will potentially mislead the jury to believe that if the defendants were aware of this other alleged conduct contained in these exhibits, then they would have been aware that the witnesses believed that they were being forced to conduct labor or services.

Finally, the introduction of communications containing employee complaints alleging potentially criminal conduct violates the Defendant's Confrontation Clause rights, denying them the right to cross-examine the individuals behind these allegations.  The Confrontation Clause bars the introduction of "testimonial hearsay" at trial. *Smith v. Arizona*, 602 U.S. 779, 784 (2024). Thus, a statement is inadmissible under the Confrontation Clause if it meets two requirements. *See id.* First, it must be "testimonial," a category of statements which includes those statements made "under circumstances which would lead an objective witness reasonably to believe that the statements would be available for use at a later trial." Id. at 784–85 (alteration, citation and internal quotation marks omitted). Second, the statement "must be hearsay—"meaning, out-of-court statements offered to prove the truth of the matter asserted." Id. at 779 (internal quotation marks omitted). The emails, texts and social media posts the government seeks to admit

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

violates the Confrontation Clause under this rationale. "If the purpose of an [] employee's [or customer's] email was to establish or prove past events potentially relevant to later criminal prosecution, then the defendants must be permitted to cross-examine the declarant." *United States v. Weigand*, No. 20-CR-188 (JSR), 2021 U.S. Dist.LEXIS 28417, at *6 (S.D.N.Y. Feb. 14, 2021) (citation and internal quotation marks omitted). Because these exhibits concern allegations by non-witnesses, it violates the defendants' constitutional rights to cross examine these declarants, and they therefore should be precluded on this ground alone.

Respectfully submitted,

/s/JENNIFER BONJEAN
Jennifer Bonjean
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850

/s/CELIA A. COHEN
/s/MICHAEL P. ROBOTTI
Celia A. Cohen
Michael P. Robotti
*Counsel for Rachel Cherwitz*
Ballard Spahr, LLC
1675 Broadway, 19th Floor
New York NY 10019
212-223-0200