

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| KCB/KTF/NCG/SMF | *271 Cadman Plaza East* |
| F. #2018R01401 | *Brooklyn, New York 11201* |

May 24, 2025

To the Honorable Diane Gujarati, via ECF

      Re:    United States v. Cherwitz, et al.
                   Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

      The government respectfully submits this letter in support of its renewed motion to permit the expert testimony of Dr. Chitra Raghavan, see ECF No. 385, who the government previously noticed as an expert witness in coercive control. See ECF No. 148.

      In response to the Court's questions on May 21, 2025, regarding the precise testimony the government seeks to elicit from Dr. Raghavan, the government submits that it intends to:

1. Elicit Dr. Raghavan's training and experience and request that the Court qualify her as an expert on coercive control, tactics of coercive control employed against individuals, and the impact of those coercive control tactics on individuals.
2. Ask the witness to define coercive control and the eight coercive control tactics outlined in Section I.A of the government's Expert Disclosure. See ECF No. 148-1 (the "Expert Disclosure") at 1-4.
3. Ask the witness the types of settings in which these tactics can be used, to include an organizational or community setting.
4. Ask the witness to describe the effects of coercive control tactics as set forth in Section I.C of the Expert Disclosure; specifically, how "[s]uccessful coercive control tactics can lead to a state of psychological entrapment, whereby subjects may find it difficult to leave perpetrators, even if they are not physically restrained." Expert Disclosure at 6.

      With respect to 2, it is appropriate for an expert to define terms or concepts used in a specialized industry or area of study to assist the jury in applying those accepted definitions to lay witnesses' trial testimony. See, e.g., United States v. Watts, 17-CR-372 (EDNY) (Seybert, J.) (FINRA expert witness explaining securities industry definitions and concepts such as match trading in October 2019 fraud trial where fraud victims described facts amounting to match trading but did not have expertise or knowledge to use such nomenclature); United States v. Chartier, 17-CR-372 (EDNY) (Seybert, J.) (similar in January through March 2020 fraud trial); United States v. Napout, 15-CR-252 (EDNY) (Chen, J.) (similar regarding sports marketing concepts in November 2017 bribery trial); United States v. Shkreli, 15-CR-637 (EDNY) (Matsumoto, J.) (similar in July 2017 fraud trial). And as the government has previously set

forth, the Second Circuit has found expert testimony to be relevant and helpful in a forced labor conspiracy case. See, e.g., United States v. Zhong, 26 F.4th 536, 555 (2d Cir. 2022) (holding that expert testimony is appropriate in forced labor conspiracies where, "[f]or example, perpetrators of forced labor may encumber workers by . . . making the workers less likely to seek help and more likely to fear the consequences of leaving their company's employ" because "expert testimony may assist jurors in putting these practices into perspective when they otherwise would have difficult doing so").

With respect to 4, such testimony is particularly helpful to the jury because it explains counterintuitive behavior—whereby a victim is "tricked, deceived or coerced into engaging in activities they would have otherwise initially resisted." Expert Disclosure at 5. The government can, however, omit testimony on this topic pending the Court's rulings.

The government will forego eliciting testimony on (i) the existence of coercive control in organizations other than the fact that coercive control may be applied in organizational settings as well as interpersonal relationships (Topic I.B) and (ii) the process of leaving organizations (Topic I.C. at 6.).

For the reasons set forth above, in the government's opposition in response to defendants' motion to exclude expert testimony, ECF No. 180, and the government's renewed motion, ECF No. 385, the government should be permitted to call an expert witness to explain these concepts. Such testimony is highly relevant, reliable, and will assist the trier of fact in understanding the evidence.

**Defense Response**

The government provided a draft of this submission to the defense on Thursday, May 22, 2025 at 6:08 pm and has not received a response, although we understand the defense opposes expert testimony on the above-described topics and may file separately.

    Respectfully submitted,

    JOSEPH NOCELLA, JR.
    United States Attorney

By:   /s/_____
    Kayla C. Bensing
    Kaitlin T. Farrell
    Nina C. Gupta
    Sean M. Fern
    Assistant U.S. Attorneys
    (718) 254-7000