

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KCB/KTF/NCG/SMF
F. #2018R01401

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 25, 2025

By ECF to the Honorable Diane Gujarati

      Re:    United States v. Rachel Cherwitz, et al.
                Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

      On May 23, 2025, defense counsel sent the government a draft instruction and letter regarding the defendants' request for a "freedom of religion" and "shunning" jury instructions. On the afternoon of May 24, 2025, the government sent the defendants a response in opposition to that instruction, consistent with the Court's trial filing rules requiring joint submissions. Several hours later, the defendants filed what they styled as a joint opposition, but in which they almost entirely amended their argument and bases underlying their request for a "freedom of religion" jury instruction, and provided new caselaw with respect to "shunning." See ECF No. 389. At no point did the defendants send a revised copy to the government before filing. Because the defendants' revised arguments render the government's reply partially non-responsive, the government is obligated to write separately to respond to the defendants' revised arguments.

      **Freedom of Religion:** In initially proposing their "freedom of religion" jury instruction to the government, the defendants relied entirely on United States v. Kaziu, 559 F. App'x 32, 35 (2d Cir. 2014), and a model jury instruction for a material support charge, see Modern Federal Jury Instructions ¶ 2.92b. As the government argued in the purported joint submission, see ECF No. 389 at 4-5, the defendants' citations lent no support for their proposed charge. Presumably recognizing this deficiency, the defendants—though not amending their proposed instruction—entirely changed the bases for the proposed instruction.

      The defendants' new bases for the same proposed instruction fare no better, because that instruction is still an inaccurate statement of the law. Notably, since removing the inaccurate citations to Kaziu and Model Federal Jury Instructions ¶ 2.92b, the defendants have been unable to identify any authority or any court that has given the defendants' proposed novel formulation of a freedom of religion instruction. That is not surprising, given that it is inaccurate and directly contradicts the Second Circuit's ruling in Kaziu, as the government already explained in the purported joint filing. See ECF No. 389 at 4-5. Further, even in the defendants' newly cited cases, the courts there did not go so far as to say that the jury "cannot consider" evidence, as the defense's proposed charge states; rather, the Court's instructions are consistent with the formulation proposed by the government in the purported joint filing. See ECF No. 389 at 4 (setting forth government's proposed charge); cf. United States v. Hale, No. 03-CR-11, 2004 WL 5372837 (N.D. Ill. 2004) (in a case involving the leader of a white supremacist organization called the "World Church of Creator" on trial for charges of soliciting the murder of a judge targeted for her Jewish heritage and obstructing justice, district court instructed the jury that membership in a religious organization and the defendant's beliefs regarding race relation could be considered "insofar as they may pertain to the

issue of intent"); United States v. Bundy, No. 3:16-CR-51-BR, 2016 WL 9819346 (D. Or. Oct. 28, 2016) (charging jury that "[a]lthough speech and assembly are generally protected by the First Amendment, that protection is <u>not</u> absolute, and it is <u>not</u> a defense to the conspiracy charged" (emphasis added)); United States v. Juraboev, et al., 15-CR-95 (WFK), Sept. 23, 2019 Tr. of Proc., ECF No. 604 at 17-18 (district court <u>declining</u> to instruct the jury as to the First Amendment —by overruling a defense objection to the Court's charge that included a defense request to add a First Amendment provision—where the government did not argue that the defendant was guilty because of First Amendment actions or that the defendant's conduct was solely First Amendment protected activity).

**Shunning:** The defendants also inserted new citations to their proposed "shunning" jury instruction, arguing that such an instruction has been given in cases where the organization is not a religion. But the new cases to which the defendants cite are civil cases addressing motions to dismiss a complaint—not jury instructions given in criminal cases. See Taylor v. Salvation Army Nat'l Corp., 110 F.4th 1017 (7th Cir. 2024) (addressing motion to dismiss civil forced labor claims against the Salvation Army pertaining to its operation of rehabilitation centers, in which the Seventh Circuit held that the Salvation Army was entitled to condition its provision of food, housing and clothing to participants in their programs on satisfactory participation, and addressing none of the psychological and sexual coercion present in the instant case); Menocal v. Geo Group, Inc., 635 F. Supp. 3d 1151, 1189 (D. Co. 2022) (addressing motions for summary judgment on civil forced labor claims against a private immigration detention center ("GEO") and determining on the facts of that case that "GEO cannot avoid liability under the TVPA by declaring its consequences to be legitimate when Plaintiffs have presented evidence showing the opposite," determining that "[b]ecause a jury could conclude that the threat of 72 hours in segregation would compel a reasonable person in the detainees' position to provide labor in order to avoid that harm, Plaintiffs have sufficiently demonstrated that detainees labored under the threat of serious harm"). For all the reasons cited in the government's numerous filings addressing the defendants' proposed "adverse but legitimate consequences" instructions, the Court should decline to give the instruction on shunning under the circumstances of this case and given the already lengthy jury instructions as to the elements of serious harm.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/
Kayla C. Bensing
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000