# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Celia Cohen
Tel: 646.346.8002
Fax: 212.223.1942
cohenc@ballardspahr.com

Michael P. Robotti
Tel: 646.346.8020
Fax: 212.223.1942
robottiM@ballardspahr.com

May 25, 2025

*Via ECF*

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Nicole Daedone and Rachel Cherwitz, 23-CR-146

Dear Judge Gujarati:

The parties jointly submit this letter concerning the defendants' request for revised language concerning the Knowledge and Intent instruction.

I.   Defense Request – Knowledge and Intent

The defense requests the following instruction:

> The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence that may aid in your determination of that person's knowledge or intent.  A defendant does not possess the requisite knowledge or intent if she acted in good faith, or held an honest belief that her actions were proper and not in furtherance of any unlawful activity.  The defendants, however, have no burden to prove a defense of good faith.

*See United States v. Litvak*, 808 F.3d 160, 189 (2d Cir. 2015); *see also United States v. Chaudhri*, 134 F.4th 166, 186-7 (4th Cir. 2025) (to avoid running afoul of the First Amendment in the context of "threats" made in a forced labor case, the government must

Honorable Diane Gujarati
May 25, 2025
Page 2

prove that the defendants possessed the requisite mens rea when they made the threats) (citing *Counterman v. Colorado*, 600 U.S. 66, 72 (2023)).

The defense requests additional language concerning the defendants' state of mind to avoid running afoul of the free speech protections of the First Amendment. *See Chaudhri*, 134 F.4th at 186-187. In *Chaudhri,* the government claimed that the appellants forced the victim to perform labor in their home by threatening her with violence if she failed to comply. On appeal, which was decided just last month, the Fourth Circuit held that the case presented the question of whether the defendants' statements could be considered criminal without running afoul of the free speech protections of the First Amendment. *Id.* Following the Supreme Court's holding in *Counterman*, the Fourth Circuit held that to avoid the First Amendment issue, the jury must find that the defendants possessed the requisite mens rea, or state of mind when they made the threats. *Id.* (citing *Counterman*, 600 U.S. at 72). Here too, additional language concerning the defendants' state of mind, including a good faith instruction, is warranted to avoid the First Amendment issue.

**Government Response**

Good faith is a recognized defense to a charge of mail or wire fraud or similar statutes (e.g., securities or commodities fraud) in which the government must prove an intent to deceive or defraud as an element of the crime. See, e.g., United States v. Dupre, 462 F.3d 131, 139 (2d Cir. 2006); see also United States v. Litvak, 808 F.3d 160, 188 (2d Cir. 2015) (citing defense argument that good-faith evidence showed "Mr. Litvak lacked the intent to defraud"). Defendants cite no authority for the proposition that a good faith instruction should be imported into the forced labor context, which does not require proof of intent to defraud.

Neither Counterman nor Chaudri support—or even so much as discuss—a good faith jury instruction. Both cases stand for the proposition that the First Amendment requires, in a "true threats" prosecution, proof that the defendant had some subjective understanding of the threatening nature of his or her statements.[1] Counterman v. Colorado, 600 U.S. 66, 80, 143 S. Ct. 2106, 2118, 216 L. Ed. 2d 775 (2023) (First Amendment requires prosecution prove defendant's subjective understanding, using a recklessness mens rea standard, of the threatening nature of their statements to be convicted of a crime based on true threats); United States v. Chaudhri, 134 F.4th 166, 186 (4th Cir. 2025) (post-Counterman, "[t]he Government was required to establish that [the defendants] were aware [the victim] could have regarded their statements as threatening violence" where one theory of criminal liability was that defendants forced victim to perform labor in their home by threatening her

---

[1] Notably, these cases lend substantial support to the relevance of the government's proffered notice evidence, see ECF Dkt. No. 387, in which the defendants were made subjectively aware of the harmful nature of their conduct but nonetheless continued their conspiracy.

Honorable Diane Gujarati
May 25, 2025
Page 3

with violence if she failed to comply).  Thus, the <u>Chaudri</u> Court held that the district court's instructions should have "inform[ed] the jury that [the defendants] must have at least acted with reckless disregard for the fact that their statements could be taken as threats." <u>Chaudhri</u>, 134 F.4th at 186.  While the government does not oppose a similar instruction here, a good faith instruction would be a wholly inappropriate non-sequitur.

                  Respectfully submitted,

                  <u>/s/Celia Cohen</u>
                  <u>/s/Michael Robotti</u>
                  *Counsel for Rachel Cherwitz*
                  Ballard Spahr LLP

                  <u>/s/Jennifer Bonjean</u>
                  *Counsel for Nicole Daedone*
                  Bonjean Law Group, PLLC