BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

May 31, 2025

**<u>VIA ELECTRONIC FILING</u>**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *U.S. v. Cherwitz*, *et al.*, No. 23-CR-146 (DG)

Dear Judge Gujarati:

Defendants offer this letter with Dr. David Ley's Expert Report attached in support of Defendants' request to present Dr. Ley's expert testimony related to the historical and spiritual roots of Orgasmic Meditation "OM" and the scientific research that suggests health benefits to the practice. Defendants further refer the Court to its prior filings on the subject matter at ECF Dkt. No. 184, pgs. 52-55 and supplemental letter filed at ECF Dkt. No. 200. To reiterate, Defendants do not intend to present Dr. Ley's testimony in connection with the question of coercive control tactics or grooming.

The government's indictment charges Defendants with entering into a forced labor scheme, in part by coercing people to engage in Orgasmic Meditation ("OM") – a sexual service. In its motions in limine, the government, argued that OM was one way in which the Defendants "regulated the OneTaste participant's sexual activities, and was a tactic used by the Defendants to obtain labor." [ECF Dkt. No. 169 at pg. 26] The government takes the position that the Defendants made OM a core tenet of OneTaste and a requirement of living in the OM residential community so they could sell this sexual service to customers for their own financial enrichment.

In short, the government wants the jury to conclude that the Defendants possessed a criminal intent to build a company around a practice that was nothing more than a sexual act that was used to generate money on the backs of people who were duped into believing OM was not a sexual act but rather a meditative practice. The government opines that OneTaste essentially brainwashed people to gain their compliance into providing the sexual service of OM.

In light of the foregoing, testimony showing that OM has historical and cultural roots, and that scientific research shows the potential health and therapeutic benefits of the practice is relevant to show that Defendants lacked a criminal intent to plan and then use this practice as a sexual service for financial gain. That Defendants truly believed in the benefits of the practice and that their beliefs were grounded in historical sexual practices and science makes it less likely that they possessed an intent to create little

BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

more than a prostitution ring as the government suggests. As set out more fully in the attached report, Dr. Ley will not offer any expert testimony related to OneTaste or the Defendants specifically but is expected to offer his expert opinions on the scientific effects of the practice of Orgasmic Meditation, the potential benefits of Orgasmic Meditation, and the relationship of Orgasmic Meditation to existing sexual therapeutic techniques as well as to historical spiritual practices.

**Government's Position**

Dr. Ley's proposed testimony on the benefits of orgasmic meditation should be precluded as irrelevant, unduly prejudicial and unreliable.[1]

As to relevance, the jury must determine whether the defendants entered into a criminal conspiracy to commit forced labor. See 18 U.S.C. §§ 1594; 1589. The jury is not tasked with determining whether the services the defendants offered to the public through their employment at OneTaste provided any benefits or whether the

---

[1] The government previously sought to preclude such testimony about the so-called scientific benefits of orgasmic meditation in its motions in limine as irrelevant and unduly prejudicial, see ECF Dkt. No. 170 at 104-05, and in its motion to exclude the defendants' proffered expert testimony, see ECF Dkt. No. 188 at 30-32, and incorporates those arguments by reference herein. In addition, the government noted in its motion to exclude Dr. Ley's proffered testimony that the defendants' expert disclosure as to Dr. Ley was wholly deficient under Federal Rule of Criminal Procedure 16(b)(1)(C)(iii), see, e.g., id. at 26-30, and those deficiencies remain, including the sufficiency of his background or experience in orgasmic meditation (which is not mentioned on his curriculum vitae nor is any reference made to any articles on the practice that he published); the bases and reasons for his opinions on orgasmic meditation (other than citing to certain articles he reviewed based on a Google Scholar search), and the relevant timeline for his analysis (much of which post-dates the charged conspiracy and does not indicate whether the orgasmic meditation at issue in the articles to which he cites is the same orgasmic meditation practice in use at OneTaste). Cf. United States v. Dzionara-Norsen, No. 21-454-CR, 2024 WL 191803, at *3-4 (2d Cir. Jan. 18, 2024) (affirming preclusion of defense expert where notice provided a brief summary of the proposed testimony but failed to provide a full statement of [the expert's] opinions and reasons for them"); United States v. Ulbricht, 858 F.3d 71, 115 (2d Cir. 2017) (affirming preclusion of defense experts where disclosures "were plainly inadequate" in that they "merely listed general and in some cases extremely broad topics on which the experts might opine" and did not "describe the bases for the experts' opinions").

BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

practice of orgasmic meditation has inherent value. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." (quoting 3 J. Weinstein et al., Weinstein's Evidence, ¶ 702[2])); United States v. Powers, 59 F.3d 1460, 1472 (4th Cir. 1995) ("The relevance standard requires a defendant proposing expert testimony to provide a substantial link between the expert testimony and his theory of defense.").

Indeed, during this trial, numerous witnesses have testified that the orgasmic meditation practice was beneficial them or that they enjoyed it; some have also testified that they came to have different viewpoints. See, e.g., Tr. 882, 1352-53, 1402, 1551-2, 1612, 2131-32, 2272, 3039, 3048; 3098; see also Tr. 4186 (counsel for defendant Daedone conceding "at the minimum that there are plenty of witnesses who agreed that it was a beneficial practice and some who even agreed to this day that they thought it was a beneficial practice"). As counsel for defendant Daedone during her opening statement aptly put it: "this [trial] isn't about whether . . . you think there's any benefits to [orgasmic meditation] . . . it really doesn't matter." Id.

Permitting an expert to opine about the benefits of orgasmic meditation also should be precluded under Federal Rule of Evidence 403, as any potential probative value of such evidence (for which there is none) would be outweighed significantly by the danger of unfair prejudice, confusion of the issues, misleading the jury, and bringing about undue delay and wasting the time of the Court, jury and the government. See Nimely v. City of New York, 414 F.3d 381, 397 (2d Cir. 2005) (explaining that Rule 403 has a "uniquely important role . . . in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberation"). Permitting expert testimony on purported benefits of orgasmic meditation would invite jury nullification by suggesting that a defendant who obtained labor and services of individuals through prohibited means cannot be convicted if such labor and services provided some purported good. As courts have recognized, individuals can be victims of forced labor schemes even where such schemes benefit others or even themselves. See, e.g., United States v. Zhong, 26 F.4th 536, 545-46 (2d Cir. 2022) (noting the defendant, who was convicted of forced labor conspiracy after a jury trial, transported Chinese workers to the United States "for a salary that substantially surpassed what they would make in China"). Such potential for unfair prejudice and misleading the jury is significant because the jury may well assign undue weight to Dr. Ley's testimony in weighing the issues, even though his testimony has little to do with the case. In addition, Dr. Ley's proposed testimony regarding the scientific benefits of orgasmic meditation would needlessly prolong the trial.

BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

As to unreliability, the defendants' expert disclosure essentially concedes that Dr. Ley's proffered testimony is not based on his own evaluation of the practice—let alone the practice as it existed during the time period of the charged conspiracy. Instead, the defendants noted in October 2024 that the basis for this testimony is as follows:

> Dr. Ley will review and discuss the body of scientific research that has examined the practices, effects and outcomes of Orgasmic Meditation. At this time, a search for "orgasmic meditation" in the Google Scholar database yields one hundred and thirty-three publications involving the practice. These studies have assessed the experiences of persons engaging in OM, measured the psychological, physiological and neurological effects of OM, assessed the impact of OM on personal and relational well-being, and examined the experiences of OM practitioners within the context of feminist and spiritual practices. Dr. Ley will discuss a selection of some of the research . . . .

Def. Disclosure 1-2 (emphasis added).

But Dr. Ley cannot himself become a vehicle to convey opinions of other alleged experts, see In re M/V MSC FLAMINIA, No. 12-CV-8892 (KBF), 2017 WL 3208598, at *22 (S.D.N.Y. July 28, 2017), because an expert may not merely recite another expert's opinion as his own—even assuming any of the Google Scholar research would itself be permissible under Federal Rule of Evidence 702. Member Servs., Inc. v. Sec. Mut. Life Ins. Co. of New York, No. 06-CV-1164, 2010 WL 3907489, at *27 (N.D.N.Y. Sept. 30, 2010). If Dr. Ley simply presents the findings and experts opinions of others, he must be independently qualified on the subject.[2] For instance, the defendants' expert disclosure indicates that Dr. Ley will opine on how the orgasmic meditation practice stretches back to ancient Greece. Def. Disclosure at 9. Dr. Ley's curriculum vitae does not indicate that he has any background or experience in analyzing the historical practice of orgasmic meditation dating back to the 19th century, see id. at 10, let alone ancient Greek civilization, id. at 9.

---

[2] If the Court denies the government's motion to preclude Dr. Ley's testimony, the government respectfully requests that the Court conduct a Daubert hearing to evaluate the relevance and reliability of his proposed testimony.

BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

And even if the law permitted a purported expert lacking relevant topical experience to selectively recite the publications of others based on an internet search—it clearly does not—there would need to be a clear foundation laid that such publications were in any way relevant to this case. But here, most of the articles referenced in the defense's expert disclosure post-date the charged conspiracy. See, e.g., Def. Disclosure at 2-11 (citing studies from 2018 through 2024).[3] Nor is there any indication that the orgasmic meditation practice referenced in those studies is the same practice at issue in this case.

For the foregoing reasons, the Court should preclude this proffered testimony.

Respectfully submitted,

/s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850

/s/CELIA A. COHEN
/s/MICHAEL P. ROBOTTI
Celia A. Cohen
Michael P. Robotti
*Counsel for Rachel Cherwitz*
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
212-223-0200

---

[3] Some of these studies include: Andrew B. Newberg et al., Alterations in Functional Connectivity Measured by Functional Magnetic Resonance Imaging and the Relationship With Heart Rate Variability in Subjects After Performing Orgasmic Meditation: An Exploratory Study, 12 Front. Psychol. 708973 (2021); Andrew B. Newberg et al., Neuroimaging Evaluation of the Long Term Impact of a Novel Paired Meditation Practice on Brain Function, 3 Front. Neuroimaging 1368537 (2024); Fabienne S.V. Wehrli et al., Exploring the Role of Masturbation as a Coping Strategy in Women, Int'l J. Sex. Health (Apr. 29, 2024).