

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| KCB/KTF/NCG/SMF<br>F. #2018R01401 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

June 3, 2025

To the Honorable Diane Gujarati, via ECF

      Re:    United States v. Cherwitz, et al.
                 Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

      The government respectfully submits this letter regarding the Court's proposed jury charge. As discussed at the conference today, the government respectfully requests that the Court instruct the jury on the statutory definition of "serious harm," and that such charge also include language explaining 18 U.S.C. § 1589(c)(2)'s definition of "serious harm" with reference to "a reasonable person of the same background and in the same circumstances." Specifically, the government proposes the following additional language to the Court's proposed charge, noted in bold:

> The term "serious harm" **means any harm**, whether physical or nonphysical, including psychological, financial, or reputational harm, **that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm**. **In considering a "reasonable person of the same background and in the same circumstances," you are permitted to consider the particular vulnerabilities of a person in the alleged victim's position, but you must find that the alleged victim's acquiescence be objectively reasonable under the circumstances**.

The government's proposed language is taken directly from 18 U.S.C. § 1589(c)(2) and the Second Circuit's opinion in United States v. Rivera, 799 F.3d 180, 186 (2d Cir. 2015) (holding that a proper serious harm instruction "permits the jury to consider the particular vulnerabilities of a person in the victim's position but also requires that her acquiescence be objectively reasonable under the circumstances").

      In light of these proposed changes, the government also proposes that the Court instruct the jury with respect to "threats of serious harm" as follows:

> A "threat of serious harm" includes **the same definition of serious harm that I just instructed you on**. In determining whether a defendant made a threat of serious harm that could reasonably be believed by a person, one should consider a person's physical and mental condition, age, education, training, experience, intelligence, and particular vulnerabilities. A threat of serious harm must be sufficient in kind or degree to cause a reasonable person of the same background and in the same circumstances as an alleged victim to believe that there was no reasonable choice except to perform or to continue performing labor or services for the defendant.

The bolded language denotes the only place in which the government's proposal differs from the Court's.

**Defense Response**

The government requested a position from defense counsel this afternoon and is awaiting a response, but wanted to provide this to the Court.

                                        Respectfully submitted,

                                        JOSEPH NOCELLA, JR.
                                        United States Attorney

By:    /s/_____
        Kayla C. Bensing
        Kaitlin T. Farrell
        Nina C. Gupta
        Sean M. Fern
        Assistant U.S. Attorneys
        (718) 254-7000