

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

May 31, 2025

**VIA ELECTRONIC FILING**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *U.S. v. Cherwitz, et al.*, No. 23-CR-146 (DG)

Dear Judge Gujarati:

  The Defendants object to the government's proposed serious harm instruction and requests that the Court give the instruction set forth in the draft charge reviewed this morning, which is derived from the model instruction in Sands. *See* 2 Modern Federal Jury Instructions-Criminal ¶ 47A.02 (2025). The government's proposed definition for "serious harm" does not track the statutory language, finds no authority in *Rivera* or elsewhere, and is designed to confuse the jury, reduce the government's burden of proof, and give the jury the false impression that the standard it must apply is a subjective one.

  For starters, the proposed definitional language sought by the government is contrary to the forced labor statute. The statute clearly defines "serious harm" as "any harm, whether physical or nonphysical, [] that is sufficiently serious, under all the surrounding circumstances, *to compel a reasonable person of the same background and in the same circumstances to perform or continue to performing labor order services in order to avoid incurring that harm*." The statute is devoid of language that permits a jury to consider "particular vulnerabilities" of a victim but rather instructs that jury to apply a "reasonable person of the same background" standard. These are fundamentally different standards with the former being subjective and the latter being hybrid standard that follows the language of the statute.

  The government's reliance on *Rivera* is grossly misplaced. As a preliminary point, the *Rivera* Court was not considering an instruction of "serious harm" or "threat of serious harm" but rather an instruction related to the definition of "coercion." There, the appellant argued that the District Court erred in instructing the jury on sex trafficking charges because the court's definition of "coercion" incorrectly eliminated reference to whether a "reasonable person" in the victims' circumstances would also feel coerced. *Rivera,* 799 F. 3d at 186. The Court agreed that the instruction was error, because it focused on the "particular Jane Doe," but in finding the error harmless, the Court pointed



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

to other instructions and offered its perspective that the correct standard was a hybrid one that took into account the particular vulnerabilities of victim. The Court used this language to describe the standard; it did *not* endorse an instruction that used this precise language as the government suggests. Quite the opposite, the *Rivera* Court cited to Modern Federal Jury Instructions – Criminal P 47A.03, Instruction 47A-21 which *does not* include the proposed "particular vulnerabilities" language.

      Defendants strenuously object to the language proposed by the government which is arguably based on *dicta* and finds no support from the statute, any case law including *Rivera,* and has never been used in *any* forced labor case to Defendants' knowledge. Certainly, the government has not identified any forced labor or sex trafficking case where this language was employed. Defendants do not object to an instruction that tracks the statutory language of "serious harm," but the Court should otherwise give the instruction proposed by the Court which is consistent with the model instruction in Sands. *See* 2 Modern Federal Jury Instruction - Criminal ¶ 27A.02 (2025)

      Respectfully submitted,

/s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850

/s/CELIA A. COHEN
/s/MICHAEL P. ROBOTTI
Celia A. Cohen
Michael P. Robotti
*Counsel for Rachel Cherwitz*
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
212-223-0200