# Ballard Spahr
### LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Celia A. Cohen
Tel: 646.346.8002
Fax: 212.223.1942
cohenc@ballardspahr.com

August 31, 2025

*Via ECF*

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     United States v. Nicole Daedone and Rachel Cherwitz, 23-CR-146

Dear Judge Gujarati:

We write on behalf of defendants Rachel Cherwitz and Nicole Daedone to respectfully request that their sentencings—currently scheduled for September 25, 2025 and September 26, 2025, respectively—be adjourned to the week of October 27, 2025, and that the defendants be sentenced jointly.  The government consents to the adjournment request but does not consent to the defendants' request for a joint sentencing.  The government does, however, consent to conducting the sentencing hearings "back-to-back."

An adjournment of the sentencing is necessary because the current schedule requires that the defendants submit their objections to the Presentence Investigation Report ("PSR") and their sentencing submissions on the same day (Ms. Cherwitz's date for both is September 4, and Ms. Daedone's date for both is September 5).  The PSR is lengthy (42 pages single-spaced) and raises complicated legal and constitutional issues that defense counsel needs time to consult with the government to determine if the parties can come to an agreement or whether a *Fatico* hearing will be necessary.

At the very least, defendants must be afforded the opportunity to have their objections considered by probation *before* submitting sentencing memorandums to this court. Indeed, Federal Rule of Criminal Procedure 32(f) requires that probation consider defense objections and probation may revise the PSR if appropriate. If probation does not have the opportunity to consider the defendants' objections, and the defendants do not have the ability to reply upon a final PSR in their sentencing submissions, it renders any objections to the PSR an act in futility.  The additional time would also allow the parties to meet and confer to attempt to resolve any factual disputes prior to sentencing.

Additionally, undersigned counsel have not spent sufficient time reviewing the PSR with their clients.  As stated *supra,* the sentencing issues in this case are complex and the

defendants are entitled to consult with their counsel after having had sufficient time to review and digest the lengthy report, and after having the opportunity to ask questions about the sentencing process. Undersigned counsel cannot provide effective assistance of counsel if they do not have sufficient and appropriate time to prepare for this sentencing hearing, and the defendants need to be provided with a meaningful opportunity to participate in this critical part of their defense.

The defendants also propose a joint sentencing for Ms. Cherwitz and Ms. Daedone to promote efficiency given that the defendants were found guilty of a single conspiracy based on the same facts. Courts in this district routinely sentence defendants together as long as the defense consents to the joint proceeding. *See, e.g.*, *United States v. McDuffie et al*, 24-cr-00514 (CBA). Accordingly, because the defendants were tried together on the same underlying facts and have no objections to being sentenced together, a joint sentencing is appropriate.

For the foregoing reasons, Ms. Cherwitz and Ms. Daedone respectfully request that (i) their sentencings be adjourned to the week of October 27; and (ii) the Court conduct a joint sentencing.

Respectfully submitted,

/s/Celia Cohen
/s/ Michael Robotti
*Counsel for Rachel Cherwitz*
Ballard Spahr LLP

/s/Jennifer Bonjean
*Counsel for Nicole Daedone*
Bonjean Law Group, PLLC