

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| KTF/NCG/SMF | *271 Cadman Plaza East* |
| F. #2018R01401 | *Brooklyn, New York 11201* |

December 10, 2025

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Cherwitz, et al.
     Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

  The government respectfully writes in advance of the sentencings of Rachel Cherwitz and Nicole Daedone to request that victims in the above-captioned matter be permitted to attend the forthcoming sentencing hearings by telephone, and, if they so choose, to make a statement during the proceedings. While many victims – most of whom reside outside of the New York City metropolitan area – have expressed a strong desire to attend the sentencings in person, a number have informed the government that the significant costs associated with travel to this Court present a significant barrier to their physical attendance.

I. Applicable Law

  Under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, victims of crime are afforded the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4); see also Fed. R. Crim. P. 32(i)(4)(B) ("Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard."). The CVRA also secures for victims the "right not to be excluded from any such public court proceeding." Id. § 3771(a)(3). Congress made clear in enacting the CVRA that courts must "ensure that crime victims are afforded the rights described in subsection (a)." Id. § 3771(b); see also id. § 3771(b)(1) (requiring that courts "make every effort to permit the fullest attendance possible by the victim" and to "consider reasonable alternatives to the exclusion of the victim from the criminal proceeding"). Section 3771(d)(2) further instructs that "in a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims" their rights, the court "shall fashion a reasonable procedure" that ensures their rights are given effect. See also In re W.R. Huff Asset Mgmt. Co., LLC, 409 F.3d 555, 563 (2d Cir. 2005)

(noting that district courts are best positioned to make assessments and determine what constitutes a "reasonable procedure" for effecting victims' rights).

Federal courts routinely use telephone (and video) access to ensure participation in criminal proceedings, including sentencings, while maintaining Federal Rule of Criminal Procedure 53's prohibition on recording. For example, during the COVID-19 pandemic, the Eastern District of New York repeatedly authorized criminal proceedings with video for the parties and telephone access for all others, publishing dial-in details for the public (and thus victim) access. See, e.g., E.D.N.Y. Fifth Authorization to Continue the Use of Videoconferencing or Teleconferencing in Criminal Matters, Administrative Order 2021-05-1.

Indeed, courts in this District have regularly recognized that remote access may be appropriate to effectuate victims' rights under the CVRA. See, e.g., United States v. Scott, No. 22-CR-156 (MKB), Order dated May 6, 2025 (granting request for victim's family to participate in sentencing by telephone); United States v. Gentile, No. 21-CR-54 (RPK), Order dated April 30, 2025 (granting request for victims to participate in sentencing by telephone); United States v. Welker, No. 23-CR-141 (PKC); United States v. Plaizier, No. 20-CR-553 (KAM); United States v. Thomas, No. 20-CR-01 (RJD); see also United States v. Parcells, No. 20-CR-40090, 2022 WL 4079027, at *1 (D. Kan. Sept. 6, 2022) (granting motion to allow victim to participate in sentencing hearing by video or telephone conferencing).

II.   Discussion

In this case, numerous victims, including many who testified in person during the jury trial in the above-captioned matter, have indicated that the expenses of travel, lodging, and time away from work or family obligations would prevent them from attending sentencing in person. Yet, they remain eager to exercise their rights under the CVRA to attend and, where appropriate, be heard. For these individuals, denying remote access would effectively nullify the rights Congress intended to guarantee. Courts have recognized that "reasonable procedures" may be necessary to vindicate those rights. See 18 U.S.C. § 3771(d)(2).

Permitting these individuals to attend remotely by telephone is precisely such a "reasonable procedure" under § 3771(d)(2). It would preserve the integrity of the proceedings by ensuring that those most affected by the defendants' crimes are not excluded due to financial hardship, geographic distance or family obligations beyond their control. Indeed, in a case such as this – where many victims live outside of the New York City metropolitan area and where the victims suffered incalculable financial harm – the burdens of requiring in-person attendance would be especially acute and disproportionate. Allowing remote participation would therefore strike an appropriate balance between victims' rights and judicial efficiency, ensuring that the sentencing hearings are not needlessly prolonged or disrupted by logistical obstacles.

Moreover, remote participation will enable a broader array of victims to observe and, if they wish, be heard, thereby ensuring that the Court has before it a full picture of the harm the defendants inflicted. Excluding victims who cannot afford – financially or otherwise – to travel would effectively exclude them from participating and would arbitrarily narrow the Court's perspective when determining the appropriate sentences to impose. In contrast, allowing

telephonic access in this case would ensure that all victims – regardless of their financial means – are able to participate meaningfully in these important proceedings.

Importantly, this approach complies with explicit authority from the Second Circuit that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings. See United States v. Martinez, 413 F.3d 239, 243 (2d Cir. 2005). Since the Constitution does not guarantee confrontation or cross-examination at sentencing, it stands to reason that a victim can make a victim statement from a location outside the courtroom.

III. Conclusion

Accordingly, the government respectfully requests that the Court permit victims who cannot attend the sentencing hearings in person to participate by telephone. The government will coordinate with the Clerk's Office and the victims to ensure that any logistical arrangements ordered by the Court are followed.

The government thanks the Court for its consideration of this request.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:      /s/
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (by Email)
    Defense Counsel of Record (by Email and ECF)