UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
United States of America

              v.

Rachel Cherwitz and Nicole Daedone,

              Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CR-00146 (DG)

DIANE GUJARATI, United States District Judge:

       Pending before the Court are two sentencing-related requests by the Government that require the Court to determine as a threshold matter whether the Government has sufficiently demonstrated that certain individuals are in fact victims of the crime of forced labor conspiracy of which Defendants Rachel Cherwitz and Nicole Daedone were found guilty at trial.[1] Specifically, (1) the Government requests that the Court permit "victims" "to attend the forthcoming sentencing hearings by telephone, and, if they so choose, to make a statement during the proceedings" and the Government includes within the scope of the request both individuals who testified at trial and individuals who did not, *see* ECF No. 479 (referencing, *inter alia*, 18 U.S.C. § 3771); *see also* ECF No. 491 (supplementing request at ECF No. 479 and clarifying that only one individual – who did not testify at trial – seeks to provide a statement remotely); and (2) the Government requests that the Court order restitution in the amount of $974,094.89 to seven specified "testifying victims" and, "[t]o the extent the Court orders restitution to non-testifying victims based on their affidavits and supporting information," that the Court order restitution in an additional amount of $1,874,670.34 to five specified "non-testifying victims" *see* ECF No. 484; *see also* ECF Nos. 485, 492.

---

[1] Familiarity with the procedural history and background of this case – including with the trial record and with the Court's prior rulings – is assumed herein.

The Government's requests are addressed herein.

* * *

Under 18 U.S.C. § 3771, a "crime victim" – defined as relevant here as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia" – has numerous rights, including "[t]he right to reasonable, accurate, and timely notice of any public court proceeding . . . involving the crime;" "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, [or] sentencing;" and "[t]he right to full and timely restitution as provided in law." *See* 18 U.S.C. § 3771.

Under 18 U.S.C. § 1593, for offenses under Chapter 77, restitution to a "victim" – defined as relevant here as an "individual harmed as a result of a crime under [Chapter 77]" – is mandatory in "the full amount of the victim's losses." *See* 18 U.S.C. § 1593 (providing that the term "full amount of the victim's losses" has the same meaning as provided in 18 U.S.C. § 2259(c)(2) "and shall in addition include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.)"); *see also* 18 U.S.C. § 1594(b) (Chapter 77 offense of conviction).

Here, the Court concludes on the record before the Court – and having presided over the five-week jury trial in this case – that the Government has sufficiently demonstrated that those individuals who are characterized as victims by the Government and who testified at trial are in fact victims within the meaning of the above-referenced statutes. The trial evidence amply established that these individuals were victims of the crime of forced labor conspiracy of which Defendants Rachel Cherwitz and Nicole Daedone were found guilty at trial.

In contrast, the Court concludes on the record before the Court and in light of the particular circumstances of this case – including that the Government has consistently taken the position that only a subset of OneTaste participants, not all, were victims of the forced labor conspiracy at issue, *see, e.g.*, Indictment ¶ 6; ECF No. 169 at 2 & n.2; ECF No. 478 at 3; ECF No. 482 at 3 – that the Government has not sufficiently demonstrated that those individuals who are characterized as victims by the Government and who did not testify at trial are in fact victims for statutory purposes here. Notably, although the Government – in connection with its restitution request – references "affidavits" of "non-testifying victims," the reference to "affidavits" is a reference to affidavits of loss only – not to any affidavit that might serve to establish that a particular individual is in fact a victim for purposes of the relevant statutory provisions. *See* ECF No. 484; *see also* ECF No. 485 (containing affidavits of loss). And the Government has represented that it "is not seeking an evidentiary hearing and does not intend to offer additional evidence regarding these [non-testifying] victims' claims." *See* ECF No. 484 at 11 n.4.

\* \* \*

The Government's request regarding remote victim attendance/participation, *see* ECF No. 479; *see also* ECF No. 491, is DENIED. The Government has not sufficiently demonstrated that the one individual who the Government represents wishes to make a statement remotely, *see* ECF No. 491 at 2, is in fact a victim such that this individual has the "right to be reasonably heard" at sentencing. And, although the Government represents that two victims who testified at trial "have indicated to the government that they would *prefer* to attend the sentencings remotely *if they are available*," *see* ECF No. 491 at 2 (emphasis added), such representation does not

3

persuade the Court that the opportunity for remote attendance should be afforded here.[2]

On the record before the Court, the Government's request that the Court award restitution in the amount of $1,874,670.34 to five specified "non-testifying victims," *see* ECF No. 484 at 2, is DENIED. To the extent that restitution is ordered, it will not be ordered with respect to anyone who does not qualify, statutorily, as a victim.

* * *

Although the determination of restitution amount(s) is beyond the scope of the instant Order, the Court notes that in Defendant Cherwitz's sentencing memorandum filed at ECF No. 473 (public) and ECF No. 472 (sealed) – which appears to have been written before Defendant Cherwitz obtained restitution-related documentation – Defendant Cherwitz requests a hearing on restitution. *See* ECF No. 472 at 73-74, 78; ECF No. 473 at 73-74, 78.[3] To the extent that Defendant Cherwitz still seeks a hearing, she shall make a renewed request by January 23, 2026.

To the extent that the Government requests that the Court defer the determination of restitution beyond the date of sentencing, *see* ECF No. 484 at 1; *see also* ECF No. 492, the request is denied. The Court does not intend to defer the determination of restitution beyond the date of sentencing, particularly given the length of time that has passed since Defendants were

---

[2] The Government has submitted various statements that the Government characterizes as "victim impact statements." *See* ECF Nos. 480, 483. Although the Court will consider all such submissions, *see* 18 U.S.C. § 3661 (providing that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"), as set forth above, the Court considers as victims only those individuals who qualify, statutorily, as such.

[3] For docket clarity, the Clerk of Court is directed to strike the filings at ECF Nos. 468, 469, and 470 in light of the filings at ECF Nos. 472, 473, and 474 and in light of the November 20, 2025 email to chambers by counsel for Defendant Cherwitz indicating that the filings at ECF Nos. 472 and 473 are "refiled" versions of the filings at ECF Nos. 468 and 469 that correct for typographical and other error.

4

found guilty (in June 2025). The Government has had ample opportunity to provide the Court with all relevant restitution information. Indeed, the Court directed the Government to do so by January 14, 2026. *See* January 2, 2026 Order. Any restitution ordered will be ordered at the time of sentencing. The parties, will, of course, have the opportunity to be heard at sentencing on the issue of restitution.[4]

    SO ORDERED.

                                             */s/ Diane Gujarati*
                                             DIANE GUJARATI
                                             United States District Judge

Dated: January 22, 2026
       Brooklyn, New York

---

[4] The Government's requests to seal the filings at ECF Nos. 480, 483, 484, 485, and 491 are granted. Although a presumption of public access ordinarily attaches to judicial documents, sealing or redacting such documents can be justified when necessary to protect countervailing interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The Court finds that sealing of the filings at ECF Nos. 480, 483, 484, 485, and 491 is warranted due to the nature of the information contained therein, substantially for the reasons set forth by the Government.