UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
United States of America

                v.

Rachel Cherwitz and Nicole Daedone,

                Defendants.
------------------------------------------------------------X

**ORDER**
23-CR-00146 (DG)

DIANE GUJARATI, United States District Judge:

      Familiarity with the procedural history and background of this case – including with the trial record and with the Court's prior rulings – is assumed herein.  As particularly relevant here: (1) on June 9, 2025, Defendant Nicole Daedone was found guilty at trial of the crime of forced labor conspiracy, *see generally* docket; (2) on December 10, 2025 – in advance of sentencing, which is now scheduled for March 4, 2026 – the Government filed a Motion for Forfeiture as to Defendant Daedone, *see* Motion for Forfeiture, ECF No. 481; *see also* Proposed Preliminary Order of Forfeiture, ECF No. 481-1; (3) on December 29, 2025, Defendant Daedone filed a response to the Motion for Forfeiture, *see* ECF No. 488; and (4) on January 7, 2026, the Government filed a reply, *see* Reply, ECF No. 490.

      In the Motion for Forfeiture, the Government seeks entry of a forfeiture money judgment in the amount of $12,000,000 and forfeiture of certain specific property (balances of two seized bank accounts), with the value of the specific property to be credited against the money judgment.  *See generally* Motion for Forfeiture.[1]  The Government argues that forfeiture is

---

[1] Consistent with Rule 32.2 of the Federal Rules of Criminal Procedure, the Court determined prior to the start of jury deliberations that no party was requesting that the jury be retained to determine the forfeitability of specific property if the jury returned a guilty verdict.  *See* Minute Entry for June 6, 2025.

Prior to trial, Defendant Daedone entered into a stipulation with the Government that

mandatory here under 18 U.S.C. § 1594, for two independent reasons – namely, because the $12,000,000 that Defendant Daedone received from the sale of OneTaste represents both (1) property "constituting or derived from" proceeds Defendant Daedone obtained "directly or indirectly" as a result of the forced labor conspiracy; and (2) property traceable to property used "to commit or to facilitate" the forced labor conspiracy. *See generally* Motion for Forfeiture; *see also* 18 U.S.C. § 1594.

> In her response to the Motion for Forfeiture, Defendant Daedone argues:
>
> [N]o order of forfeiture is justified where the government has failed in all respects to demonstrate a nexus between the offense of conviction and any amount of the proceeds from the $12M sale of OneTaste. The government's argument rests entirely on speculation and summary conclusions devoid of factual support. Moreover, the government's "instrumentality" theory is dead on arrival where OneTaste is not forfeitable *property* as imagined by § 1594. A $12M personal judgment award would unquestionably amount to an excessive fine in violation of the Eighth Amendment. At the very least, Ms. Daedone is entitled to understand what methodology the government proposes, and the Court intends to apply in determining whether a personal money judgment forfeiture order is justified so that she can defend against it, including through the use of expert evidence.

*See* ECF No. 488 at 7.[2]

In its reply, the Government again discusses the bases for its forfeiture request, with reference to the trial record and to applicable law. *See generally* Reply.

The Court intends to order forfeiture as against Defendant Daedone consistent with the requirements of 18 U.S.C. § 1594 and Rule 32.2 of the Federal Rules of Criminal Procedure.

---

provides, as relevant here, that in the event that the Court imposes a forfeiture money judgment, Defendant Daedone consents to the forfeiture of certain specified funds, up to the amount of the forfeiture money judgment, and consents to the entry of a preliminary order of forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting those funds. *See* Stipulation, ECF No. 481-2.

[2]  Defendant Daedone also argues that a forfeiture money judgment is not authorized by 18 U.S.C. §§ 1594(d) and 1594(e)(1) but states that she "recognizes that current Circuit law forecloses this argument but preserves the issue for review." *See* ECF No. 488 at 1 & n.1.

To the extent that Defendant Daedone seeks a hearing, she shall, by January 23, 2026, file a letter identifying with specificity: (1) the aspect(s) of the requested forfeiture as to which she seeks a hearing; and (2) the evidence she would offer at a hearing.

SO ORDERED.

                                                  */s/ Diane Gujarati*
                                                  DIANE GUJARATI
                                                  United States District Judge

Dated: January 22, 2026
        Brooklyn, New York